**Howard L. BENNETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44474.**

Court of Criminal Appeals of Texas.

Feb. 16, 1972.

Kenneth W. Gentry, Amarillo, for appellant.

Tom Curtis, Dist. Atty., and F. G. Shackelford, Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an appeal from an order revoking probation.

Appellant was convicted of passing a forged instrument on March 27, 1968, in Potter County; the punishment was assessed at three (3) years, and appellant was placed on probation. One of the conditions of appellant's probation was that he "commit no offense against the laws of this or any other state or of the United States."

On January 4, 1971 the State filed a motion to revoke probation charging that on August 31, 1970 appellant violated his probation by ". . . unlawfully commit(ting) the offense of operating a motor vehicle while under the influence of intoxicating liquor . . .," a misdemeanor, in Beckham County, Oklahoma.

■ Appellant contends there isn't sufficient evidence to support the revocation of probation and claims he was not admonished as to the consequences of his plea of guilty in the Oklahoma case. Appellant took the stand, testified that he was the person convicted in Beckham County, Oklahoma, and that he had pled guilty but insisted he was innocent of the charge and maintained that, on the advice of counsel, he changed his plea to guilty from not guilty after the State rested its case because his prime witness did not appear and because he was promised a smaller penalty if he did so.

The State introduced a duly authenticated copy of the information and judgment of conviction in the Oklahoma case.

■ Appellate review of a revocation of probation proceeding is limited to a determination of whether the trial judge abused his discretion. Aguilar v. State, Tex.Cr.App., 471 S.W.2d 58; Manning v. State, Tex.Cr.App., 412 S.W.2d 656. Probation may be revoked upon a finding that the terms of probation have been violated. A trial and valid conviction for the offense, which is the basis of the revocation, is not a necessary prerequisite to revocation. Hall v. State, Tex.Cr.App. 452 S.W. 2d 490; Dunn v. State, 159 Tex.Cr.R. 520, 265 S.W.2d 589. Further, a hearing to determine revocation of probation is not in the nature of a criminal trial. Tate v. State, Tex.Cr.App., 365 S.W.2d 789. In such a proceeding the trial judge is the sole trier of the facts, the credibiiity of the witnesses and the weight to be given their testimony. He may accept or reject any part of a witness' testimony. Hall v. State, supra; Ex parte Bruinsma, 164 Tex.Cr.R. 358, 298 S.W.2d 838; Seymore v. Beto, 5 Cir., 383 F.2d 384. In the case at bar, the judge heard the appellant's tes-

timony but chose to base his findings on the Oklahoma judgment of conviction.

█ A judgment of conviction from a sister state in a criminal case must be accorded full faith and credit under Art. IV, Section 1, of the United States Constitution, In re Gallogly, 138 Tex.Cr.R. 115, 134 S.W.2d 666, and is, therefore, sufficient evidence upon which to base a revocation of probation. Johnson v. State, Tex.Cr. App., 410 S.W.2d 785.

No abuse of discretion is shown.

The judgment is affirmed.