Kenneth Wayne WILSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–01258–CR.

Court of Appeals of Texas, Dallas.

Feb. 4, 1983.

Lana Johnson, Dallas, for appellant.

Henry Wade, Dist. Atty., Kathi Alyce Drew, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, STOREY and VANCE, JJ.

VANCE, Justice.

This is an appeal from an order revoking appellant's probation. Appellant was convicted of the offense of burglary of a building on February 13, 1981, and assessed a four year sentence. Imposition of sentence was suspended and he was placed on probation for four years. One of the terms of his probation was a provision that he commit no offense against the laws of this State, or any other State, or the United States. On August 13, 1981, the State filed notice with the court that the appellant had violated his probation. The appellant was arrested. On August 28, 1981, the State filed a motion to revoke probation, alleging that the appellant had committed the offense of burglary of a habitation in violation of the terms of his probation. The revocation hearing was held on November 6, 1981.

■ Appellant's ground of error one contends that the trial court erred in refusing to dismiss the motion to revoke probation since a hearing was not held within twenty days of arrest, in violation of Article 42.12 B, Section 8(a) of the Code of Criminal Procedure (Vernon Supp.1982–1983). Section 8(a) provides in part:

At any time during the period of probation the court may issue a warrant for violation of any of the conditions of the probation and cause the defendant to be arrested.... A probationer so arrested may be detained in the county jail or other appropriate place of detention until he can be taken before the court.... If

the defendant has not been released on bail, *on motion by the defendant* the court shall cause the defendant to be brought before it for a hearing within *20 days of filing of said motion,* and after a hearing without a jury, may either continue, modify, or revoke the probation.... [emphasis added]

We have examined the record and do not find that the appellant filed a written motion requesting a hearing on the motion to revoke probation. The twenty-day period discussed in Section 8(a) is not invoked until the defendant's motion requesting a hearing is filed. *Cf. Aguilar v. State,* 621 S.W.2d 781, 784 (Tex.Cr.App.1981) (*en banc*); *See Roberts v. State,* 627 S.W.2d 183, 184 (Tex.Cr.App.1982). Because the appellant failed to file a motion requesting a hearing, the protection afforded by Section 8(a) as to the twenty-day requirement was not invoked in this case. It should be noted that where the defendant properly files his request for a hearing on the motion to revoke probation and the trial court fails to comply with the twenty-day time period set out in Section 8(a), the defendant may attack the legality of his confinement by means of the writ of habeas corpus. *Aguilar v. State,* 621 S.W.2d at 784. The violation of the twenty-day requirement "is not 'error' which taints the trial court's decision to revoke the probation and therefore mandates a reversal of the judgment." *Aguilar v. State, Id.,* at 786. Ground of error one is overruled.

■ Ground of error two urges that the evidence presented during the revocation hearing was insufficient to prove that the appellant had violated his probation as alleged.[1] The evidence presented showed that James Thorpe had an apartment in Dallas, Texas. He had not given anyone permission to enter his apartment on July 7, 1981, nor had he given anyone permission to take any of his property from the apartment. In the late evening hours of that

1. The motion to revoke probation alleged that condition "a" of the terms of probation had been violated as follows:

On or about the 7th day of July, 1981, in Dallas County, Texas, Kenneth Wayne Wilson did knowingly and intentionally enter a habitation without the effective consent of James Thorpe, the owner thereof, with the intent to commit theft.

day, he discovered that his apartment had been entered and that his stereo, a "couple" of pair of pants, and all of his albums had been stolen. James Thorpe further testified that Lorenzo, the appellant's brother, had lived with him at the apartment in April and May, 1981, and that Lorenzo still had a key to his apartment when the burglary occurred. Lorenzo had taken his own property and moved out in May of 1981. Robert Thorpe, the brother of James Thorpe, testified that on July 7, 1981, he had observed the appellant and two other men coming down the stairs from his brother's apartment. The appellant at that time had his arms "full of albums." The three men got in a car and drove off. Tommy Davis testified that he and the appellant went to James Thorpe's apartment on July 7, 1981, and that he carried three or four albums from the apartment. He testified that the appellant did not carry any albums out of the apartment. He further testified that Lorenzo had told appellant to go to the apartment and get the albums.

The State's burden of proof in a probation revocation hearing is by a preponderance of the evidence. *Bradley v. State,* 608 S.W.2d 652, 656 (Tex.Cr.App.1980) (*en banc*). At a revocation hearing the trial judge is the sole trier of fact, the credibility of the witnesses, and the weight to be given to the testimony. *Naquin v. State,* 607 S.W.2d 583, 586 (Tex.Cr.App.1980). Appellate review of an order revoking probation is limited to the issue of whether or not the trial court abused its discretion in revoking the probation. *Barnett v. State,* 615 S.W.2d 220, 222 (Tex.Cr.App.1981). We hold that the evidence was sufficient to support the order revoking probation and that no abuse of discretion is shown in the revocation of probation. Ground of error two is overruled.

The judgment is affirmed.