Sammy Earl **AFINOWICZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10–84–062–CR.

Court of Appeals of Texas, Waco.

Feb. 28, 1985.

Lynn W. Malone, McDonald, Harmon & Malone, Waco, for appellant.

Vic Feazell, Dist. Atty., Crawford Long, Asst. Dist. Atty., Waco, for appellee.

## OPINION

THOMAS, Justice.

This is an appeal of an order revoking felony probation. Appellant's probation was revoked, and he was sentenced to five years in prison for driving while intoxicated. He contends that the court lacked jurisdiction to revoke his probation because the capias which was issued when the State amended its motion to revoke was never executed and because the State failed to show that it had exercised due diligence in attempting to serve the capias. Appellant also argues that the court abused its discretion when it revoked his probation because the evidence was insufficient to support the alleged violations and because one of the alleged violations failed to include a venue allegation. The judgment is affirmed.

On November 30, 1978, Appellant waived his right to a jury trial and plead guilty to the felony offense of driving while intoxicated. The court placed Appellant on five years probation on February 23, 1979, after assessing his punishment at five years in prison. On November 7, 1983, the State filed a motion to revoke, and a capias was

issued. Appellant was arrested and served with a copy of the motion on January 26, 1984. The revocation hearing was scheduled for February 17. On the day of the hearing, Appellant moved to quash the motion to revoke, and the hearing on the motion to revoke was rescheduled for February 24. On February 17 the State filed an amended motion to revoke, and a capias was issued but never executed. The revocation hearing was later rescheduled for March 23, and Appellant, who was released on bond on February 17, appeared at the hearing with his attorney.

At the revocation hearing the State elected to proceed on the amended motion to revoke. Appellant objected to the proceeding because the capias that was issued in connection with the amended motion to revoke had not been served and because the State had not shown that it had used due diligence in attempting to execute the capias. The court overruled his objections and proceeded with the hearing on the amended motion. Having found that Appellant had violated three conditions of his probation, the court revoked his probation and sentenced him to five years in prison. Appellant appeals on four grounds.

In his first ground of error Appellant claims that the court abused its discretion when it permitted the State to proceed on the amended motion and when it revoked his probation under the amended motion. He questions whether the court had jurisdiction to revoke his probation because the second capias was never executed and because the State failed to show that it had exercised due diligence in attempting to serve the capias.

■■■ When a motion to revoke is filed and a capias is issued before the expiration of a probationary period, the court acquires a limited jurisdiction to hear the motion after the probation period expires. *Zillender v. State*, 557 S.W.2d 515, 519 (Tex.Cr.App.1977). This jurisdiction extends to allegations contained in an amended motion to revoke which is filed during the probation period. *See id.* at 519 n. 4; *Nicklas v. State*, 530 S.W.2d 537, 541 (Tex.Cr.App.

1975); *McBee v. State*, 166 Tex.Crim. 562, 316 S.W.2d 748 (1958). Article 42.12(8)(a) of the Texas Code of Criminal Procedure, which authorizes the amendment of a revocation motion, does not require the district clerk to issue a capias when an amended motion to revoke is filed. *See* Tex.Code Crim.Proc.Ann. art. 42.12(8)(a) (Supp.1985). Thus, when the State filed the original motion to revoke and issued the first capias, the court acquired limited jurisdiction to hear the motion after the probation period expired. This jurisdiction included the power to hear the amended motion because it was filed within the probation period. Because article 42.12(8)(a) did not require the clerk to issue another capias after the State filed its amended motion, the State was not required to execute the second capias or show due diligence in attempting to execute it. The court already had jurisdiction over the case so a second capias was not required for the court to have jurisdiction.

■■■ Furthermore, Appellant was either in jail or under bond when the amended motion was filed; therefore, no logical purpose would be served by issuing and serving a second capias on Appellant merely because the State had amended its motion to revoke. *Cf.* Tex.Code Crim.Proc. Ann. art. 23.03 (stating that, when an indictment is presented, the district clerk need not issue a capias for a defendant who is already in custody or under bond). Moreover, once Appellant was under bond, he could not be rearrested and required to give another bond, unless the court found that his bond was defective, excessive or insufficient in amount, or that the sureties, if any, were not acceptable, or for any other good and sufficient cause. *See* Tex. Code Crim.Proc.Ann. art. 17.09(2), (3). To hold that a probationer under bond must be rearrested and required to give another bond every time the State amends a motion to revoke probation would countenance a procedure ripe for harassment and potential abuse.

■■■ Because the second capias was not executed, it appears that Appellant was

never served with a copy of the amended motion. A more serious question, therefore, is whether the court abused its discretion when it revoked probation under an amended motion of which Appellant had no notice. Due process requirements do apply to probation revocation proceedings. *Caddell v. State*, 605 S.W.2d 275 (Tex.Cr.App. 1980). To satisfy due process, the State must proceed by a written motion to revoke which fully informs the probationer of the allegations relied on by the State. *Id.* Furthermore, the court can only revoke probation on written allegations of which the probationer has due notice. *Id.*

■ The original motion to revoke was served on Appellant when he was arrested on January 26. One of the allegations in the original motion was that Appellant had violated his probation when he "[f]ailed to totally avoid the use of alcoholic beverages; to-wit: On or about September 22, 1983, [Appellant] did then and there consume alcoholic beverages." Appellant had written notice of this allegation and should have been prepared to defend against it when he appeared at the revocation hearing. Appellant cannot, therefore, successfully argue that he did not have notice of this allegation.

■ This allegation was also alleged in the amended motion to revoke, and the court found that Appellant had, in fact, committed this violation. Regardless of the number of violations alleged, sufficient proof of one violation will support a revocation order. *Taylor v. State*, 604 S.W.2d 175, 180 (Tex.Cr.App.1980). Therefore, if there is sufficient evidence to sustain this one allegation, the court's revocation order must be affirmed because the court had jurisdiction and Appellant had due notice of this allegation.

■ At a probation revocation hearing the State has the burden of proving by a preponderance of the evidence that the probationer committed an alleged violation. *Wilson v. State*, 645 S.W.2d 932 (Tex.Cr. App.1983). Furthermore, in a revocation hearing the court is the sole judge of the credibility and the weight of a witness' testimony. *Id.* Appellate review of an order revoking probation is therefore limited to the issue of whether the court has abused its discretion. *Id.*

■ At the hearing, Officer Gonzales testified that on September 22, 1983, he stopped Appellant outside of a bar. He had observed Appellant staggering down the sidewalk carrying a half-gallon of vodka. Gonzales talked to Appellant, noticed his blood shot eyes, and concluded that he was intoxicated. Viewing this evidence under the appropriate standard, we conclude that the court did not abuse its discretion when it revoked Appellant's probation for consuming alcohol. Having concluded that the court had jurisdiction of the revocation proceeding, that Appellant had due notice of the ground for revocation, and that the evidence was sufficient to support the court's finding of such violation, we overrule ground one.

■ In his fourth ground of error Appellant claims the allegation that he had consumed alcoholic beverages could not support the court's revocation order because it did not contain an allegation of where the violation occurred. The condition imposed by the court (i.e. that Appellant abstain from consuming alcoholic beverages) was not limited to a particular place; therefore, the State did not have to allege or prove that Appellant had violated the condition by consuming alcoholic beverages in a particular place. *See Acton v. State*, 530 S.W.2d 568 (Tex.Cr.App.1975). Therefore, the court did not abuse its discretion when it refused to quash the allegation because of the State's failure to allege venue. Ground four is overruled.

Because one sufficient ground for revocation will support a revocation order, we do not reach Appellant's other grounds of error. *See Moore v. State*, 605 S.W.2d 924 (Tex.Cr.App.1980).

Affirmed.