COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 MICHAEL JOE
 WALKER, JR.,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-01-00256-CR
        
 Appeal from
  
 282nd District Court
  
 of Dallas County, Texas
  
 (TC# F-0023362-SMS)
 
 




 

O P I N I O N

 

Appellant Michael Joe Walker, Jr.
appeals from the trial court=s decision to revoke his probation.  We affirm.

Summary
of the Evidence

On October 5, 2000, Walker pleaded
guilty to two counts of burglary of a habitation.  The first burglary took place on May 2, 2000,
the second on May 17, 2000.  At his plea
hearing, Walker testified that his role in both burglaries was to act as
lookout for his friends who actually entered the homes.  Walker was 17 years old at the time of the
hearing.








The trial court found Walker guilty
and sentenced him to ten years= deferred adjudication probation and a $500 fine on the May 2
burglary charge.  At the same time, the
trial court sentenced Walker to ten years= confinement and a $500 fine for the
May 17 burglary.  Sentence was suspended
pursuant to an open plea and Walker was ordered to participate in a boot camp
program.  Upon completion of boot camp,
Walker was placed on probation for ten years. 
He was also required to make restitution in the amount of $4,385,
payable in monthly installments of $50 on or before the first day of each month
upon his return from boot camp, and pay court costs.  Other relevant probation terms imposed on
Walker included a requirement that he report to his probation officer Amonthly, twice monthly, or weekly@ with the frequency of those reports
to be set by the probation officer.

On April 3, 2001, a capias issued for
Walker alleging he violated the terms of both his straight and deferred
probation.  The State also filed its
motion to revoke (Athe Motion@) Walker=s probation alleging he failed to report to his probation
officer on a Aweekly, monthly or twice monthly@ basis in March 2001, failed to pay
his monthly community supervision fee, and failed to make restitution on a
monthly basis.

On May 25, 2001, the trial court held
a hearing on the State=s Motion.  Walker
pleaded Anot true@ to the Motion=s allegations.  The only witness presented at the hearing was
Walker=s probation officer, Tracy Jennings.








At the hearing, Jennings testified
she became Walker=s probation officer upon his release from boot camp in
January 2001.  She met with Walker twice
in February 2001.   At that time, he was
given instructions to report to Jennings on March 9, 16, and 30.   Walker unexpectedly reported to Jennings on
March 2.  He was instructed by the duty
officer to return on March 9.  Walker did
not report to Jennings on any of those dates.  
Jennings= attempts to locate Walker were unsuccessful, although she
did concede that the March 2 report would have counted towards Walker=s reporting requirements for March.

Although Jennings had no contact with
Walker after March 2, she was aware that 
he was arrested in Richardson on a traffic ticket offense and was in
jail from March 16 to March 21. 
Nevertheless, she testified that Walker was still required to make up
any missed visits in March.

Jennings initially could not recall
whether Walker had paid any restitution since his release from boot camp.  However, on cross-examination and after a
review of her file, she admitted that Walker was $150 in arrears on restitution
payments since his release from boot camp. 
In the Motion, the State alleged Walker failed to pay $300 in
restitution.

After hearing the evidence and the
arguments of counsel, the trial court found Walker guilty on the deferred
adjudication case and revoked his probation on the straight probation
case.  Walker was ordered to serve ten
years in prison.  This appeal concerning
the revocation of the straight probation for the May 17 burglary timely followed.








Standards of Review

 Probation may be revoked upon a finding that
the probationer has violated a term of his or her probation.  Cobb v. State, 851 S.W.2d 871, 873
(Tex. Crim. App. 1993); Wilson v. State, 645 S.W.2d 932, 934 (Tex. App.‑‑Dallas
1983, no pet.).  Our review of a
probation revocation proceeding is limited to a determination of whether the
trial court abused its discretion.  Bennett
v. State, 476 S.W.2d 281, 282 (Tex. Crim. App. 1972);  Wilson, 645 S.W.2d at 934.

To determine whether the trial court
has abused its discretion, we look to whether the State has met its burden of
proof.  See Cardona v. State, 665
S.W.2d 492, 493‑94 (Tex. Crim. App. 1984).  That burden is met when the greater weight of
the evidence before the court creates a reasonable belief that the probationer
violated a condition of probation.  Jenkins
v. State, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983), disapproved on other
grounds by Saxton v. State, 804 S.W.2d 910, 912 n.3 (Tex. Crim. App.
1991); Williams v. State, 910 S.W.2d 83, 85 (Tex. App.--El Paso 1995, no
pet.).  In other words, the State=s burden of proof in a probation
revocation hearing is by a preponderance of the evidence.  Cobb, 851 S.W.2d at 874; Williams,
910 S.W.2d at 85.








In revocation proceedings, the trial
judge is the sole trier of the facts, the credibility of the witnesses, and the
weight to be given the testimony.  Taylor
v. State, 604 S.W.2d 175, 179 (Tex. Crim. App. [Panel Op.] 1980); Ross
v. State, 523 S.W.2d 402, 403 (Tex. Crim. App. 1975).  It is the trial court=s duty to judge the credibility of
the witnesses and to determine whether the allegations in the motion to revoke
are true or not.  Langford v. State,
578 S.W.2d 737, 739 (Tex. Crim. App. 1979). 
This Court must therefore view the evidence presented at the revocation
proceeding in a light most favorable to the trial court=s ruling.  Garrett v. State, 619 S.W.2d 172, 174
(Tex. Crim. App. [Panel Op.] 1981); Lee v. State, 952 S.W.2d 894, 897
(Tex. App.--Dallas 1997, no pet.).

Failure
to Pay Restitution

There is no dispute that the trial
court=s original probation order required
Walker to begin paying restitution of $50 a month upon his release from boot
camp.  In its Motion, the State alleged
that Walker failed to pay $300 in restitution. 
The evidence adduced at the revocation hearing was that Walker only owed
$150 in restitution.

Based on these facts, Walker contends
the trial court abused its discretion in revoking his probation because the
State first failed to prove that Walker owed $300 restitution as alleged in the
Motion, and second, failed to produce any evidence that Walker did not pay any
restitution.  With regard to Walker=s first two issues, he specifically
alleges that the Motion=s allegation that he failed to pay $300 in restitution
constitutes an improper modification of the terms of his probation.








We, however, find that Walker=s claim of improper modification is
really a complaint that a variance existed between the evidence adduced at the
revocation hearing and the allegations in the State=s Motion.  To preserve a variance issue for appellate
review, the defendant must timely object to that variance in the trial court or
risk waiver of his right to review.  Hunt
v. State, 5 S.W.3d 833, 835 (Tex. App.--Amarillo 1999, pet. ref=d); In re C.C., 13 S.W.3d 854,
859 (Tex. App.--Austin 2000, no pet.); Tex.
R. App. P.  33.1.  The instant record reveals that no objection
to the variance now complained of  was
made to the trial court in either written or oral form.  As such, Walker has waived his right to
object to the revocation of his probation on this ground, and the trial court=s decision to revoke on the failure
to pay restitution ground must be affirmed.

We do note that even if Walker had
preserved his variance argument, as a substantive matter, the evidence adduced
at the hearing proved that Walker failed to pay $150 in restitution.  The standard by which the trial court=s decision will be reviewed is
whether the greater weight of the evidence before the court creates a
reasonable belief that the probationer violated a condition of probation.  Jenkins, 740 S.W.2d at 437; Williams,
910 S.W.2d at 85.  Jennings testified
that Walker failed to pay $150 in restitution. 
That evidence creates a reasonable belief that Walker violated the terms
of his probation.  As such, the trial
court did not abuse its discretion in revoking his probation on the failure to
make restitution ground.  For these
reasons, we overrule Walker=s first and second issues.

The
Other Issues for Review








            Proof by preponderance of the
evidence on any one of the alleged violations of the conditions of probation is
sufficient to support the order of revocation. 
Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980);
Rodriguez v. State, 2 S.W.3d 744, 748 (Tex. App.-‑Houston [14th
Dist.] 1999, no pet.).  Having sustained
the trial court=s decision to revoke Walker=s probation on the failure to pay
restitution grounds, we need not consider Walker=s remaining issues.  They are therefore overruled.

Conclusion

The trial court=s judgment revoking Walker=s probation on the May 17 burglary of
a habitation count is thus affirmed.

 

                                                                        


SUSAN
LARSEN, Justice

July 25, 2002

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.

 

(Do Not Publish)