COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 MICHAEL JOE
 WALKER, JR.,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-01-00257-CR
        
 Appeal from
  
 282nd District Court
  
 of Dallas County, Texas
  
 (TC# F-0039856-SMS)
 
 




 

O P I N I O N

 

Appellant Michael Joe Walker, Jr.
appeals from the trial court=s decision to revoke his probation.  We affirm.

Summary
of the Evidence

On October 5, 2000, Walker pleaded
guilty to two counts of burglary of a habitation.  The first burglary took place on May 2, 2000,
the second on May 17, 2000.  At his plea
hearing, Walker testified that his role in both burglaries was to act as
lookout for his friends who actually entered the homes.  Walker was 17 years old at the time of the
hearing.








The trial court found Walker guilty
and sentenced him to ten years= deferred adjudication probation and a $500 fine on the May 2
burglary charge.  At the same time, the
trial court sentenced Walker to ten years= confinement and a $500 fine for the
May 17 burglary.  Sentence was suspended
pursuant to an open plea and Walker was ordered to participate in a boot camp
program.  Upon completion of boot camp,
Walker was placed on probation for ten years. 
He was also required to make restitution in the amount of $4,385,
payable in monthly installments of $50 on or before the first day of each month
upon his return from boot camp, and pay court costs.  Other relevant probation terms imposed on
Walker included a requirement that he report to his probation officer Amonthly, twice monthly, or weekly@ with the frequency of those reports
to be set by the probation officer.

On April 3, 2001, a capias issued for
Walker alleging he violated the terms of both his straight and deferred
probation.  The State also filed its
motion to revoke (Athe Motion@) Walker=s probation alleging he failed to report to his probation
officer on a Aweekly, monthly or twice monthly@ basis in March 2001 and failed to
make restitution on a monthly basis.

On May 25, 2001, the trial court held
a hearing on the State=s Motion.  Walker
pleaded Anot true@ to the Motion=s allegations.  The only witness presented at the hearing was
Walker=s probation officer, Tracy Jennings.








At the close of the adjudication
phase of the hearing, the trial court asked Walker=s counsel if there was any additional
evidence to be heard on punishment. 
Counsel indicated there was not. 
The trial court then moved to the punishment phase of the hearing,
addressed Walker directly and asked if there was anything he wanted to tell the
court.  Walker said:  AI just want another chance to get
this all over with.@

The trial court found Walker guilty
on the deferred adjudication case and revoked his probation on the straight
probation case.  Walker was ordered to
serve ten years in prison.  This appeal
concerning the revocation of the deferred probation for the May 2 burglary
timely followed.

Standards of Review

 Probation may be revoked upon a finding that
the probationer has violated a term of his or her probation.  Cobb v. State, 851 S.W.2d 871, 873
(Tex. Crim. App. 1993); Wilson v. State, 645 S.W.2d 932, 934 (Tex. App.‑‑Dallas
1983, no pet.).  Our review of a
probation revocation proceeding is limited to a determination of whether the
trial court abused its discretion.  Bennett
v. State, 476 S.W.2d 281, 282 (Tex. Crim. App. 1972);  Wilson, 645 S.W.2d at 934.








To determine whether the trial court
has abused its discretion, we look to whether the State has met its burden of
proof.  See Cardona v. State, 665
S.W.2d 492, 493‑94 (Tex. Crim. App. 1984).  That burden is met when the greater weight of
the evidence before the court creates a reasonable belief that the probationer
violated a condition of probation.  Jenkins
v. State, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983), disapproved on other
grounds by Saxton v. State, 804 S.W.2d 910, 912 n.3 (Tex. Crim. App.
1991); Williams v. State, 910 S.W.2d 83, 85 (Tex. App.--El Paso 1995, no
pet.).  In other words, the State=s burden of proof in a probation
revocation hearing is by a preponderance of the evidence.  Cobb, 851 S.W.2d at 874; Williams,
910 S.W.2d at 85.

In revocation proceedings, the trial
judge is the sole trier of the facts, the credibility of the witnesses, and the
weight to be given the testimony.  Taylor
v. State, 604 S.W.2d 175, 179 (Tex. Crim. App. [Panel Op.] 1980); Ross
v. State, 523 S.W.2d 402, 403 (Tex. Crim. App. 1975).  It is the trial court=s duty to judge the credibility of
the witnesses and to determine whether the allegations in the motion to revoke
are true or not.  Langford v. State,
578 S.W.2d 737, 739 (Tex. Crim. App. 1979). 
This Court must therefore view the evidence presented at the revocation
proceeding in a light most favorable to the trial court=s ruling.  Garrett v. State, 619 S.W.2d 172, 174
(Tex. Crim. App. [Panel Op.] 1981); Lee v. State, 952 S.W.2d 894, 897
(Tex. App.--Dallas 1997, no pet.).

The Issues for Review

Walker brings two issues for
review.  First, that the trial court
failed to give Walker a separate punishment hearing.  Second, that the trial court prejudged Walker=s case and therefore denied him due
process of law.  Neither point has any
merit when the record of this case is taken into consideration.








1.         The Punishment Phase Issue. 

Walker maintains the trial court
afforded him no opportunity to present evidence on the issue of
punishment.  The record reflects a
different story.  The following exchange
took place at the revocation hearing after the close of the State=s case:

THE
COURT:  All right.  The court finds the evidence substantiates a
finding of true to the allegations in the state=s
motion.  And on your deferred
adjudication case I find you guilty.

 

Is there
any additional evidence on punishment, Mr. Grett?

 

MR.
GRETT:  No, Your Honor.

 

THE
COURT:  Any legal reason why your client
should not be sentenced at this time?

 

MR.
GRETT:  No, Your Honor.

 

THE
COURT:  Anything you would like to say to
the court, Mr. Walker?

 

THE
DEFENDANT:  I just want another chance to
get this all over with.

 

THE
COURT:  It=s the
order, judgment, and decree of this court that you be taken by the Sheriff of
Dallas County and by him safely held and transported to an authorized receiving
agent of the penitentiary wherein--well, in each case I=ll order you to serve ten years.  And on your deferred adjudication case I will
reassess the $500 fine.

 

Good
luck to you, sir.

 

Both Walker and his counsel were
given fair opportunity to present evidence on punishment.  Contrary to Walker=s assertion on appeal, there is
simply no way to interpret his statement that he just wanted another chance to
get Athis all over with@ as a request to the court that he be
given a separate punishment hearing.








On one point, Walker is correct.  The Court of Criminal Appeals has held that
the defendant is entitled to present evidence in mitigation of punishment if
not afforded an opportunity to do so at the adjudication hearing.  Hardeman v. State, 1 S.W.3d 689,
690-91 (Tex. Crim. App. 1999).  The facts
of this case, however, do not indicate that Walker was denied that right.  Walker=s Issue One is therefore overruled.

2.         The Due Process Issue.

In his second issue, Walker contends
the trial court prejudged his case based on comments made by the trial court at
the plea and boot camp hearings.  Walker
cites the following comments as indicators of the trial court=s determination to prejudge his case.

At the plea hearing:

That
means if you do anything wrong once you get out of boot camp, if you break any
of those rules of probation, then you=re
looking at 20 years in the penitentiary. 
And if you don=t think I=ll send
you there for 20 years, you ask your lawyer and you ask some people out back in
the holdover cell or any place else in Lew Sterrett, because I won=t blink an eye; do you understand?  

 

At
the boot camp hearing:

 

Let me
tell you, if you don=t keep your share of paying back that money, the Court=s going to send you to the penitentiary.

 

.   .   .

 

You must
get and obtain a job within 30 days. If you don=t, I=m going to send you back to prison.  There is plenty of work out there.  I drive up and down these streets, I see
signs all over that say they need people to work.

 

.   .   .

 








Pay back
the people you=ve taken this property from, because if somebody took
your $4800, you=d be up here asking me to sentence them to the
penitentiary for life.

 

In the first instance, the defendant
is required to voice an objection when he becomes aware of the court=s arbitrary attitude towards his
probation.  Cole v. State, 757
S.W.2d 864, 866 (Tex. App.--Texarkana 1988, pet. ref=d).  The failure to do so constitutes a waiver of
such complaints on appeal.  Id. at
866; Rogers v. State, 640 S.W.2d 248, 263-64 (Tex. Crim. App. [Panel
Op.] 1982).  The record reflects that
Walker made no objection either in writing or orally before the trial court at
any of the contested hearings.  As such,
he is precluded from raising this issue on appeal for the first time, and his
second issue is overruled.  Hull v.
State, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002); Tex. R. App. P. 33.1.

Secondly, the boot camp hearing was
presided over by another judge acting in Judge Greene=s stead.  Therefore, we need not consider what effect,
if any, those comments had on the revocation process because the revocation
phase of Walker=s case was presided over by Judge Greene.








Lastly, Walker would have to
demonstrate that the comments made by Judge Greene at the plea hearing
represented an arbitrary refusal to consider the entire range of punishment
before we could find a denial of his due process rights.  McClenan v. State, 661 S.W.2d 108, 110
(Tex. Crim. App. 1983).  However, the
fact that Judge Greene sentenced Walker to ten years in the penitentiary
indicates she did consider the entire range of punishment and did not
arbitrarily act on the statement made at the plea hearing that she would
sentence Walker to twenty years if he violated the terms of his parole.

Conclusion

The trial court=s judgment revoking Walker=s probation on the May 2 burglary of
a habitation count is affirmed.

 

                                                                        


SUSAN
LARSEN, Justice

July 25, 2002

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.

 

(Do Not Publish)