ACCEPTED
07-15-00249-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
12/9/2015 2:33:32 PM
Vivian Long, Clerk

## NO. 07-15-00249-CR

## IN THE COURT OF APPEALS
## FOR THE SEVENTH DISTRICT OF TEXAS
## AMARILLO, TEXAS

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
12/9/2015 2:33:32 PM
VIVIAN LONG
CLERK

## RUDY CORTINAS

### v.

## THE STATE OF TEXAS

**APPEALING THE TRIAL COURT'S JUDGMENT
IN CAUSE NUMBER 1345818D
FROM THE 432ND DISTRICT COURT OF
TARRANT COUNTY, TEXAS
HON. RUBEN GONZALEZ, PRESIDING JUDGE
HON. ELIZABETH BERRY**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

# APPELLANT'S BRIEF
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**RICHARD A. HENDERSON
RICHARD A. HENDERSON, P.C.
100 THROCKMORTON STREET, SUITE 540
FORT WORTH, TEXAS 76102
(817) 332-9602
(817) 335-3940 *fax*
State Bar No. 09427100
*richard@rahenderson.com*
ATTORNEY FOR APPELLANT**

**Oral Argument Requested**

# TABLE OF CONTENTS

Table of Contents ...................................................................................... i

List of Interested Parties................................................................ ii,iii

Index of Authorities................................................................................. iv

Issues Presented...................................................................................... v

Issue For Review No. 1:
THE TRIAL COURT ABUSED ITS DISCRETION BY REVOKING
APPELLANT'S DEFERRED ADJUDICATION AND SENTENCING
APPELLANT TO SEVEN (7) YEARS IN PRISON. ..................................... v

Statement of the Case ............................................................................. 1

Summary of the Facts of the Case......................................................... 2

Summary of Argument.............................................................................. 4

Arguments and Authorities ..................................................................... 4

Issue For Review No. 1:  (Restated)
THE TRIAL COURT ABUSED ITS DISCRETION BY REVOKING
APPELLANT'S DEFERRED ADJUDICATION AND SENTENCING
APPELLANT TO SEVEN (7) YEARS IN PRISON ..................................... 4

Prayer...................................................................................................... 6

Certificate of Compliance ....................................................................... 7

Certificate of Service............................................................................... 7

# LIST OF INTERESTED PARTIES

**Rudy Cortinas**
CID #0259844
Tarrant County Jail
100 N. Lamar Street
Fort Worth, Texas  76102
**Appellant**


**Carl J. Lazarus**
Assistant Criminal District Attorney – Trial Attorney
**Jim Hudson**
Assistant Criminal District Attorney –Revocation Hearing
District Attorney's Office
401 West Belknap
Fort Worth, Texas 76196-0201
**Mr. Joe Shannon, Jr.**
Former Tarrant County Criminal District Attorney
401 West Belknap
Fort Worth, Texas 76196-0201
**Ms. Debra Windsor,**
Assistant Criminal District Attorney
Post-Conviction
401 West Belknap
Fort Worth, Texas 76196-0201
**Ms. Sharen Wilson,**
Criminal District Attorney
Tarrant County, Texas
401 West Belknap
Fort Worth, Texas 76196-0201
**Attorneys for the State**

**William M. Harber**
1424 Junior Drive
Dallas, Texas 75208
**David Pearson**
222 West Exchange, Suite 103
Fort Worth, Texas 76164
**Trial Attorneys for Defendant**

**Jack Strickland**
909 Throckmorton Street
Fort Worth, Texas 76102
**Defense Attorney at Revocation Hearing**

**Richard A. Henderson**
Richard A.Henderson, P.C.
100 Throckmorton Street, Suite 540
Fort Worth, Texas 76102
**Attorney for Appellant**

# LIST OF INTERESTED PARTIES

# INDEX OF AUTHORITIES

## CASES:

*Bennett v. State,* **476 S.W.2d 281**, 282 (Tex.Crim.App.1972) ................................. 4

*Cardona v. State,* **665 S.W.2d 492**, 493-94 (Tex.Crim.App.1984) ........................... 4

*Garrett v. State,* **619 S.W.2d 172**, 174 (Tex.Crim.App. [Panel Op.] 1981) ............. 5

*Jenkins v. State,* **740 S.W.2d 435**, 437 (Tex.Crim.App.1983) ................................. 5

*Langford v. State,* **578 S.W.2d 737**, 739 (Tex.Crim.App.1979) ............................... 5

*Ross v. State,* **523 S.W.2d 402**, 403 (Tex.Crim.App.1975) ...................................... 5

*Saxton v. State,* **804 S.W.2d 910**, 912 n. 3 (Tex.Crim.App.1991) ........................... 5

*Taylor v. State,* **604 S.W.2d 175**, 179 (Tex.Crim.App. [Panel Op.] 1980) .............. 5

*Wilson v. State,* **645 S.W.2d 932**, 934 (Tex.App.—Dallas 1983, no pet.) ............... 4

**ISSUES PRESENTED**

**ISSUE FOR REVIEW NO. ONE**

THE TRIAL COURT ABUSED ITS DISCRETION BY REVOKING APPELLANT'S DEFERRED ADJUDICATION AND SENTENCING APPELLANT TO SEVEN (7) YEARS IN PRISON.

# IN THE COURT OF APPEALS FOR THE
## SEVENTH DISTRICT OF TEXAS
## AMARILLO

| | | |
|---|---|---|
| RUDY CORTINAS,<br>  APPELLANT | §<br>§<br>§ | |
| V. | §<br>§ | NO. 07-15-00249-CR |
| THE STATE OF TEXAS,<br>  APPELLEE | §<br>§ | |

### *APPEALED FROM CAUSE NUMBER 1345818D*
### *FROM THE 432ND DISTRICT COURT OF*
### *TARRANT COUNTY, TEXAS*
### *THE HONORABLE, RUBEN GONZALEZ, JR., JUDGE PRESIDING*
### *THE HONORABLE, ELIZABETH BERRY*

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

This is an appeal (CR-52, 53) from pleas of true from a deferred adjudication probation revocation (CR 43, 47). Appellant had previously pleaded guilty to possession of a controlled substance under 1 gram, methamphetamine enhanced to a second degree felony (CR-5,17,26). A Petition to Proceed to Adjudication was filed. (CR-36). The allegations included failure to report for October, November, and December of 2014 and failure to complete an outpatient care program. (RR 3:6-37). The plea was true to the violations (CR-43,47),

1

(RR 2:13, 18-19). The court found the allegations to be true and adjudicated Appellant guilty and assessed seven (7) years punishment in the Institutional Division of the Texas Department of Criminal Justice. (CR-47), (RR 2: 68-70).

## SUMMARY OF THE FACTS OF THE CASE

The facts of the underlying possession case do not appear in the record. The summary of facts will be limited to the reasons and extenuating circumstances surrounding the violations of the deferred adjudication probation.

Appellant pleaded true to the violations of not reporting for three months and not completing an outpatient drug program. (RR 2:18-19). After the pleas of true the State did not offer any evidence as to the violations. (RR 2: 21). Appellant waived his right not to testify and took the stand in his own behalf and stated he wanted to give explanations for the violations (RR 2:22-23). Appellant explained that beginning in September, 2014, he began taking interferon shot treatments for hepatitis C that continued through December of 2014. Appellant had to ride a bus to the John Peter Smith Hospital to take some 16 shots. Side effects included depression and vomiting (RR 2:28-31). His doctor told Appellant this was a once in a lifetime opportunity. Appellant had to make bus transfers to get to the clinic

2

(RR 2:32). Appellant conceded that he could have reported on the dates of his treatment (RR2: 33). Appellant introduced medical records verifying his medical needs and condition, (DX 1,3,4). Appellant stated that once he stopped reporting he became scared and concerned that being jailed would interfere with his treatments. He became depressed and believed his "hole was getting deeper". (RR 2: 34-38). Appellant lost his job and the depression and fear increased. (RR 2:36-38).

The outpatient drug treatment was also a long distance away from where Appellant lived. Appellant was having transportation issues that are not clear from the record (RR 2:35-36). Appellant missed the first out-patient assessment because of a funeral and was apparently late and not allowed in at the next assessment. He then stopped trying to go to the outpatient drug treatment when he stopped reporting for probation. (RR 2:60-63).

Appellant also testified that his mother is elderly and that Appellant is an essential primary caregiver. This was verified by a letter from a doctor. (RR 2:24-25), (DX2). Appellant finally asked for reinstatement because of the extenuating circumstances and the fact that he had spent some 7-8 months in jail already for the charge (RR 2:54-55).

## SUMMARY OF ARGUMENT

Appellant believes it was an abuse of discretion for the trial judge to revoke his probation and sentence him to seven years in prison.

## ARGUMENTS AND AUTHORITIES

### ISSUE FOR REVIEW NO. ONE (RESTATED)

THE TRIAL COURT ABUSED ITS DISCRETION BY REVOKING APPELLANT'S DEFERRED ADJUDICATION AND SENTENCING APPELLANT TO SEVEN (7) YEARS IN PRISON.

*Appellant cites the above Statement of Facts above and incorporates them into his Argument and Authorities.*

Probation may be revoked upon a finding that an appellant has violated the terms of his or her probation. *Wilson v. State,* **645 S.W.2d 932,** 934 (Tex.App.—Dallas 1983, no pet.). Appellate review of a probation revocation proceeding is limited to a determination of whether the trial court abused its discretion. *Bennett v. State,* **476 S.W.2d 281,** 282 (Tex.Crim.App.1972); *Wilson,* 645 S.W.2d at 934. To determine whether the trial court has abused its discretion, the courts look to determine whether the State has met its burden of proof. See *Cardona v. State,* **665 S.W.2d 492,** 493-94 (Tex.Crim.App.1984). The State meets its burden when the greater weight of the evidence before the court creates a reasonable belief that

4

the probationer violated a condition of probation. *Jenkins v. State,* **740 S.W.2d 435**, 437 (Tex.Crim.App.1983), disapproved on other grounds by *Saxton v. State,* **804 S.W.2d 910**, 912 n. 3 (Tex.Crim.App.1991).

In revocation proceedings, the trial judge is the sole trier of the facts, the credibility of the witnesses, and the weight to be given the testimony. *Taylor v. State,* **604 S.W.2d 175**, 179 (Tex.Crim.App. [Panel Op.] 1980); *Ross v. State,* **523 S.W.2d 402**, 403 (Tex.Crim.App.1975). It is the trial court's duty to judge the credibility of the witnesses and to determine whether the allegations in the motion to revoke are true or not. *Langford v. State,* **578 S.W.2d 737**, 739 (Tex.Crim.App.1979). This Court must therefore view the evidence presented at the revocation proceeding in a light most favorable to the trial court's ruling. *Garrett v. State,* **619 S.W.2d 172**, 174 (Tex.Crim.App. [Panel Op.] 1981).

Appellant conceded that he had violated his probation, and pleaded true to the violations; however, Appellant contends that he presented evidence of such extenuating circumstances, which included Appellant's severe health issues, such that it was an abuse of discretion by the trial court to revoke his probation and sentence him to prison. Appellant was undergoing intense medical treatments for hepatitis C which interfered with his ability to report. These treatments also made

5

it difficult for Appellant to attend the outpatient drug treatment.

Appellant contends that these relatively minor violations do not warrant revocation and a seven year sentence. Add these issues to the fact that Appellant was basically the main health care provider of his elderly mother and the fact that he had already spent several months in jail on a minor drug charge, is further proof that that it was an abuse of discretion to find that Appellant had violated his probation and sentence him to prison.

## PRAYER

Appellant respectfully requests the case be reversed and rendered in his favor or at least he be granted for a new revocation hearing. Appellant also prays for all such additional or future relief to which he may be entitled to in law or in equity.

Respectfully Submitted,

RICHARD A. HENDERSON, P.C.
Two City Place
100 Throckmorton Street, Suite 540
Fort Worth, Texas 76102
Telephone: (817) 332-9602
Telecopier: (817) 335-3940
richard@rahenderson.com

**RICHARD A. HENDERSON**
State Bar No. 09427100
**ATTORNEY FOR APPELLANT**
6

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of TEX.R.APP. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of TEX.R.APP. P. 9.4(i) because it contains 1,765 words, excluding any parts exempted by TEX.R.APP.P. 9.4(i)(1), as computed by the word-count feature of Microsoft Office Word 2010, the computer software used to prepare the document.

Richard A. Henderson

## CERTIFICATE OF SERVICE

A true copy of the Appellant's Brief has been electronically served on opposing counsel, Ms. Debra Windsor, Assistant Criminal District Attorney, Post-Conviction, Tarrant County District Attorney's Office, 401 W. Belknap Street, Fort Worth, Texas 76196 and mailed U.S. Regular Mail to Appellant, Mr. Rudy Cortinas, CID#0259844, Tarrant County Jail, 100 N. Lamar Street, Fort Worth, Texas 76102, on this the 9th of December, 2015.

Richard A. Henderson

7