

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-22-00302-CR

Paulo Maximillian **MIJANGOS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 6, Bexar County, Texas
Trial Court No. 543602
Honorable Wayne A. Christian, Judge Presiding

Opinion by:  Liza A. Rodriguez, Justice

Sitting:  Luz Elena D. Chapa, Justice
Beth Watkins, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: July 26, 2023

AFFIRMED

In one issue on appeal, Appellant Paulo Maximillian Mijangos argues the trial court lacked subject-matter jurisdiction when it revoked his community supervision and sentenced him to six months confinement in jail. Because we conclude the trial court did have subject-matter jurisdiction, we affirm the trial court's judgment.

### BACKGROUND

On July 24, 2017, pursuant to a plea-bargain agreement, Mijangos judicially confessed to having committed the offense of obstruction of a highway. He was placed on deferred adjudication

community supervision for a period of two years. On January 18, 2018, his deferred adjudication was revoked, and he was sentenced to one year of community supervision. On April 10, 2018, the State filed a motion to revoke his community supervision, which the trial court denied. On August 7, 2018, the State filed another motion to revoke his community supervision. That same day, the trial court ordered the clerk to issue a capias for Mijangos's arrest, and Warrant #1657622 was issued. On December 5, 2018, the State filed a first amended motion to revoke his community supervision. The docket sheet reflects that on December 5, 2018, Warrant #1657622 was still active.

On January 17, 2019, Mijangos's community supervision expired. On January 18, 2019, the State filed a second amended motion to revoke his community supervision. Also on January 18, 2019, a new warrant (Warrant #1676838) was issued. On April 27, 2022, the trial court revoked his community supervision and sentenced him to six months of confinement in jail and a fine of $850. Mijangos appealed.

## DISCUSSION

On appeal, Mijangos argues that the trial court lacked subject-matter jurisdiction to revoke his community supervision and sentence him to six months in jail. Specifically, Mijangos points to the issuance of a new capias the day after his probation expired. In response, the State argues that the trial court did not lose subject-matter jurisdiction by the reissuance of a capias.

A probation revocation proceeding is an administrative hearing rather than a civil or criminal trial. *See Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). It "is an extension of the original sentencing portion of the trial of a defendant." *Id*. at 874. A trial court retains jurisdiction to hold a hearing on a motion to revoke, continue, or modify community supervision "regardless of whether the period of community supervision imposed on the defendant has expired, if before the expiration of the supervision period: (1) the attorney representing the state files a

motion to revoke, continue, or modify community supervision; and (2) a capias is issued for the arrest of the defendant." TEX. CODE CRIM. PROC. art. 42A.751(l); *see Ex parte Moss*, 446 S.W.3d 786, 792 (Tex. Crim. App. 2014) (explaining that the filing of the motion and the issuance of the capias are the relevant triggering events under the statute). Here, the record reflects that at the time Mijangos's community supervision expired, there was a pending first amended motion to revoke his community supervision on file and a capias had issued for his arrest. Thus, under the plain language of article 42A.751(l), the trial court retained jurisdiction when Mijangos's community supervision expired. *See id.*

Nevertheless, Mijangos argues that a new capias issuing after expiration of his community supervision resulted in the trial court losing subject-matter jurisdiction. Mijangos recognizes that this specific issue does not seem to have been addressed by appellate courts. Some courts, however, have addressed whether the trial court retains jurisdiction when an *amended* motion to adjudicate guilt or an *amended* motion to revoke community supervision is filed outside the probationary period. They have held that under such circumstances, the amended motion does not have the effect of depriving the court of jurisdiction; the amended motion is simply void "to the extent that it added new allegations to the original motion." *Dunivan v. State*, No. 14-19-00887-CR, 2021 WL 2099642, at *3 (Tex. App.—Houston [14th Dist.] May 25, 2021, no pet.) (not designated for publication); *see Crockett v. State*, 840 S.W.2d 160, 162 (Tex. App.—Houston [1st Dist.] 1992, no pet.) (explaining that because amended motion to revoke was filed after the expiration of the probationary period, "[a]ny right of the court to revoke was therefore limited to the finding of a violation of some condition of probation alleged in the original motion to revoke"); *Chreene v. State*, 691 S.W.2d 748, 750 (Tex. App.—Texarkana 1985, pet. ref'd) (holding that because amended motion to revoke probation was filed outside probationary period, the "right of the court to revoke was therefore limited to finding the violation of probation alleged in the original

revocation motion"); *Dunn v. State*, No. 14-94-00529-CR, 1996 WL 337115, at *1 (Tex. App.—Houston [14th Dist.] 1996, no pet.) (not designated for publication) (holding amended motion to adjudicate filed outside probationary period did "not deprive the court of jurisdiction to adjudicate guilt" but was "void to the extent that it added new allegations to the original motion").

The State emphasizes that while the motion to revoke refers the trial court to what violations are subject to the revocation hearing, the purpose of the capias "is simply to secure the presence of a defendant at a proceeding against him." *Ruiz v. State*, 100 S.W.3d 259, 260 (Tex. App.—San Antonio 2002, pet. ref'd). Further, it stresses that because a motion to revoke community supervision was timely filed and the court issued a capias before the probationary period expired, a new capias was not required to be issued. *Afinowicz v. State*, 689 S.W.2d 252, (Tex. App.—Waco 1985, no pet.) (explaining the Texas Code of Criminal Procedure, "which authorizes the amendment of a revocation motion, does not require the district clerk to issue a capias when an amended motion to revoke is filed"). Thus, it argues that issuing a new capias, which was not required, cannot have the effect of depriving the trial court of jurisdiction it already acquired over the revocation motion. We agree with the State. The record reflects that a motion to revoke was timely filed and a capias was issued before Mijangos's community supervision expired. The trial court thus acquired limited jurisdiction to hearing the timely filed motion to revoke after the probationary period expired. *See* TEX. CODE CRIM. PROC. art. 42A.751(l). We decline to hold that the issuance of a new capias, which was not required, caused the trial court to lose jurisdiction. *See id.* Therefore, we conclude the trial court had jurisdiction to revoke Mijangos's community supervision.[1]

---

[1] We note that Mijangos has not argued on appeal that the State waived, abandoned, or withdrew allegations contained in the timely filed motion to revoke. *See Crockett*, 840 S.W.2d at 162-63 (holding that because the state affirmatively waived reliance upon allegations pleaded in the original motion, it could not then rely upon the original motion at the revocation hearing).

**CONCLUSION**

Because we hold the trial court did not lose jurisdiction by virtue of a new capias being issued after the probationary period, we affirm the judgment of the trial court.

Liza A. Rodriguez, Justice

Publish