Juan **GARZA**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 05–84–00675–CR, 05–84–00676–CR.

Court of Appeals of Texas, Dallas.

July 17, 1985.

Douglas Parks, Dallas, for appellant.

Bill Edie, Dallas, for appellee.

Before STEPHENS, VANCE and DEVA-NY, JJ.

VANCE, Justice.

Appellant was convicted of aggravated assault (cause no. 05–84–00676–CR) and

sentenced to three years' imprisonment. Appellant complains that the evidence was insufficient to prove that the belt buckle used in the assault was a deadly weapon. Appellant additionally contends that the court did not have jurisdiction to adjudicate guilt in a prior felony theft case (cause no. 05–84–00675–CR) because the record does not show that the State's amended motion to proceed with an adjudication of guilt was filed or that the capias was issued prior to the expiration of the probationary period. We do not agree with appellant's first contention but do agree with his second complaint. Accordingly, we affirm the aggravated assault judgment and reverse the theft judgment.

### Aggravated Assault

To ascertain the sufficiency of the evidence we evaluate the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Jackson v. State*, 672 S.W.2d 801, 803 (Tex.Crim.App.1984) (en banc); *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App.1984) (en banc).

Appellant was indicted with "knowingly and intentionally [using] a deadly weapon, to-wit: a belt buckle, to threaten DON ERIC ROWE, with imminent bodily injury by use of said deadly weapon." The record reflects that appellant, described as hostile and abusive, was strip-searched and taken to a cell where he was observed banging the walls and swinging a belt. As three officers attempted to subdue him, appellant swung his hand toward Rowe's head. Rowe blocked the blow with his hand and sustained a small puncture wound which was treated with alcohol and peroxide. All three officers testified to finding a broken belt buckle in appellant's hand.

■ TEX.PENAL CODE ANN. § 1.07(a)(11)(A), (B) (Vernon 1974) defines "deadly weapon":

(11) "Deadly Weapon" means:

(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury;
or
(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

An instrument that is not a deadly weapon per se can qualify as a deadly weapon by its manner of use or intended use, size and shape, and capacity to produce death or serious bodily injury. *Blain v. State*, 647 S.W.2d 293, 294 (Tex.Crim.App.1983) (en banc); *Morales v. State*, 633 S.W.2d 866, 868 (Tex.Crim.App.1982); *Davidson v. State*, 602 S.W.2d 272, 273 (Tex.Crim.App. 1980). An instrument may be a deadly weapon though no wounds were inflicted. *Dominique v. State*, 598 S.W.2d 285, 286 (Tex.Crim.App.1980); *Parrish v. State*, 647 S.W.2d 8, 11 (Tex.App.—Houston [14th Dist.] 1982, no pet.); *Madden v. State*, 628 S.W.2d 161, 162 (Tex.App.—Eastland 1982, pet. ref'd). In determining the deadliness of a weapon, the trier of fact may consider all facts, including words spoken by the accused. *English v. State*, 647 S.W.2d 667, 669 (Tex.Crim.App.1983) (en banc); *Blain*, 647 S.W.2d at 294; *Grissom v. State*, 625 S.W.2d 424, 426 (Tex.App.—Fort Worth 1981, pet. ref'd).

■ If the weapon was not actually used to cause death or serious bodily injury, two elements must be proven. First, the weapon must be capable of causing the requisite harm. Secondly, there must be evidence that the weapon was displayed or used in a manner indicating an intent to cause death or serious bodily injury. *Orosco v. State*, 590 S.W.2d 121, 124 (Tex.Crim.App.1979); *Danzig v. State*, 546 S.W.2d 299, 302 (Tex. Crim.App.1977); *Hernandez v. State*, 649 S.W.2d 720, 722 (Tex.App.—Amarillo 1983, no pet.).

Darreal Hodge, a detention officer, stated that appellant used threatening and abusive language and described the belt buckle as "two and a half inches square with a—going up to the center—a piece of metal going up the center of it." He stated that

he had in the past confiscated weapons from individuals and had received formal training in identifying and knowing the capabilities of weapons. He testified that the buckle was capable of causing serious bodily injury such as loss of an eye and, if it struck an area such as the temple, could cause death.

Rowe, a jail guard, testified that appellant held the buckle in his fist "with the projectile sticking out." He stated that if he had not blocked the blow, the buckle would have struck his eye or temple. Rowe further testified that he had confiscated weapons "many times," that he had received training from the sheriff's office in detecting weapons and in the potential capability of weapons, and that the buckle was capable of causing serious bodily injury.

■ Based on the foregoing testimony, we hold that the evidence was sufficient to prove that the weapon was capable of causing the requisite harm and that appellant's use of the buckle indicated an intent to cause serious bodily injury or death. *See Gipson v. State*, 403 S.W.2d 794, 796 (Tex. Crim.App.1966) (metal can opener may be deadly weapon). Accordingly, we hold that the evidence was sufficient to prove that the buckle was a deadly weapon.

### Deferred Adjudication

On February 6, 1981, appellant pleaded guilty to a charge of theft of property of a value of at least $200.00 but less than $10,000.00. The court deferred adjudication and placed appellant on probation for a period of three years. On June 18, 1984, the court granted the State's amended motion to proceed with an adjudication of guilt, found appellant guilty, and assessed punishment at three years' confinement.

■ Appellant contends that the court was without jurisdiction to proceed with an adjudication of guilt. We agree. A trial court has jurisdiction to hear a motion and revoke probation after the expiration of the probationary period if the motion to revoke was filed and the capias for arrest issued prior to the expiration of the period. *Coleman v. State*, 632 S.W.2d 616, 618 (Tex. Crim.App.1982); *Guillot v. State*, 543 S.W.2d 650, 652–53 (Tex.Crim.App.1976); *Lynch v. State*, 502 S.W.2d 740, 741 (Tex. Crim.App.1973); *Pollard v. State*, 353 S.W.2d 449 (Tex.Crim.App.1962). The record does not reflect compliance with either condition. The State's amended motion to proceed with an adjudication of guilt is not file-stamped, and no capias appears in the record.

■ Although appellant did not file a motion to quash or otherwise object at or before the hearing to the court's jurisdiction, we hold that appellant did not waive his complaint. The failure to timely file the motion and issue the capias deprives the court of jurisdiction, and jurisdictional matters may not be waived. *See Ex parte Smith*, 650 S.W.2d 68, 69 (Tex.Crim.App. 1981) (en banc); *Lackey v. State*, 574 S.W.2d 97, 100 (Tex.Crim.App.1978); *Casias v. State*, 503 S.W.2d 262, 265 (Tex.Crim. App.1973); *Coffey v. State*, 500 S.W.2d 515, 516 (Tex.Crim.App.1973) (since trial court did not have jurisdiction to revoke probation, sentence imposed is void); *Ex parte Fernandez*, 241 S.W.2d 155 (Tex.Crim.App. 1951) (revocation of probation set aside on collateral attack); *Gamez v. State*, 644 S.W.2d 879, 880 (Tex.App.—San Antonio 1982, pet. ref'd) (since issue of disqualification of trial judge involves jurisdiction of court to act, it is considered on appeal in interest of justice though no motion questioning trial judge's qualifications was brought to his attention).

Our holding is not inconsistent with *Hardman v. State*, 614 S.W.2d 123, 127 (Tex.Crim.App.1981), in which the court of criminal appeals held that a probationer could not raise for the first time on appeal his complaint that, although the motion was filed and the capias issued within the probationary period, his probation improperly was revoked after the expiration of the probationary term because the officers did not act diligently to apprehend him. The *Hardman* court did not characterize the defect as jurisdictional.

Accordingly, we affirm the judgment of conviction for the aggravated assault offense (cause no. 05–84–00676–CR). We reverse the judgment of conviction for the theft offense (cause no. 05–84–00675–CR) and remand the cause for entry of a judgment of acquittal.