**Jonathan JOHNSTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–88–00433–CR.

Court of Appeals of Texas,
Dallas.

Aug. 3, 1989.

Rehearing Denied Aug. 25, 1989.

Kevin J. Clancy, Dallas, for appellant.

Galen Ray Sumrow, Dallas, for appellee.

Before WHITHAM, THOMAS and BURNETT, JJ.

THOMAS, Justice.

Jonathan Johnston appeals from a conviction of indecency with a child. In two points of error, he contends that: (1) the trial court was without jurisdiction to proceed with an adjudication of guilt; and (2) the court erred in denying his motion for new trial. We disagree and affirm the trial court's judgment.

## FACTUAL BACKGROUND

On February 13, 1986, Johnston entered a plea of nolo contendere to the charge of indecency with a child. The court deferred adjudication and placed Johnston on probation for a period of two years. One of the conditions of probation was that Johnston "(2) commit no offense against the laws of this or any other State or the United States."

On November 19, 1987, the State filed an instrument entitled motion to revoke probation asserting that Johnston violated the terms of probation because he committed the offense of indecency with a child and

that an indictment had been issued. On the same day, a capias was issued for Johnston's arrest. Johnston was released once he posted a $5,000 bond. Johnston filed two motions for continuance which resulted in a delay of the proceedings.

On January 28, 1988, at the time of the third trial setting, Johnston filed a motion to quash the State's motion to revoke probation. The trial court granted Johnston's motion on the grounds that the State's motion did not give sufficient notice as to the nature of the alleged probation violation. Johnston was informed at that time that a new motion would be filed. Thereafter, Johnston stated to the court that any other grounds in his motion to quash would be reurged after the State filed its new motion. The trial court granted Johnston's counsel's request that the existing bond be carried over so that his client would not be rearrested.

On February 5, 1988, the State filed a motion to adjudicate guilt again asserting that Johnston had violated one of the conditions of probation in that:

> ... on or about the 2nd day of August, A.D., 1987, in Rockwall County, Texas, Jonathan Ralf Johnston did then and there intentionally, with intent to arouse and fratify [sic] the sexual desire of said defendant, engage in sexual contact by touching the genitals of [complainant], a child younger then 17 years and not the spouse of the defendant.

No capias was issued at this time. Johnston's motion to quash was overruled. The court began the hearing on the State's motion on February 11, 1988, although it was not concluded until after the probationary period had expired. At the conclusion of the hearing, the trial court entered a judgment finding Johnston guilty and assessing punishment at seven years' confinement in the Texas Department of Corrections.

### ADJUDICATION OF GUILT

■ In the first point of error, Johnston argues that the trial court did not have jurisdiction to hear the motion to adjudicate guilt. It is Johnston's position that by granting the motion to quash, the trial court nullified all allegations and issues relating to the probation revocation and that the motion to adjudicate constituted a new proceeding. Thus, he contends that a second capias had to issue in order to preserve the jurisdiction of the trial court. On the other hand, the State argues that a second capias was unnecessary because the motion to adjudicate merely amended the original motion. *See Afinowicz v. State,* 689 S.W.2d 252, 254 (Tex.App.—Waco 1985, no pet.).

Article 42.12, section 3d of the Texas Code of Criminal Procedure governs deferred adjudication proceedings. Section 3d(b) provides in part that "On violation of a condition of probation ... the defendant may be arrested and detained as provided in Section 8 of this Article ..." TEX. CODE CRIM.PROC.ANN., art. 42.12, § 3d (Vernon Supp.1989).[1] An examination of the cases reveals that the courts have been consistent in holding that in order for the trial court to have jurisdiction to hear a motion to revoke probation, the motion must be filed and the capias issued prior to the expiration of the probationary period. *See Coleman v. State,* 632 S.W.2d 616, 618 (Tex.Crim.App.1982); *Guillot v. State,* 543 S.W.2d 650, 652–653 (Tex.Crim.App.1976); *Nicklas v. State,* 530 S.W.2d 537 (Tex. Crim.App.1975); *Lynch v. State,* 502 S.W.2d 740, 741 (Tex.Crim.App.1973); *Bobo v. State,* 479 S.W.2d 947 (Tex.Crim.App. 1972); *Pollard v. State,* 172 Tex.Cr.R. 39, 353 S.W.2d 449 (1962); *Garza v. State,* 695 S.W.2d 726, 726 (Tex.App.—Dallas 1985), *aff'd,* 725 S.W.2d 256 (Tex.Crim.App.1987).

Article 42.12, section 8(a) does not require that the motion be filed prior to the capias being issued. Indeed, the act contemplates that a defendant may be arrested and detained in jail on a warrant for probation violations even though a motion to revoke has not been filed. *See Aguilar v. State,* 621 S.W.2d 781, 785 (Tex.Crim. App.1981); *Bobo v. State,* 479 S.W.2d at 949. Further, a defendant incarcerated as a result of the State filing a motion to

---

1. All further references are to the Texas Code of Criminal Procedure unless otherwise indicated.

revoke can continue to be held in jail on the probation violations after the State dismisses its original motion to revoke. *Aguilar v. State*, 621 S.W.2d at 784. Thus, it appears that the jurisdictional requirements are met whenever a motion to revoke is filed and a capias is issued during the probationary period, regardless of which comes first.

In our case, once the State filed a motion and a capias was issued, the trial court had jurisdiction to determine the merits of the motion. Whether the motion to adjudicate guilt was an amended motion or a new proceeding, the State was not required to have a new capias issued. Article 42.12, section 8(a) gives the State the right to file new or amended motions to revoke probation. There is however, no requirement to execute a second capias.

Additionally, we note that Johnston remained on the initial bond throughout these proceedings. Article 17.09 provides that once a defendant has given bail for his appearance in connection with a criminal charge, he will not be required to give another bond in the course of the same criminal action unless the original bond was defective in some manner. We agree with our sister court that:

> To hold that a probationer under bond must be rearrested and required to give another bond every time the State amends a motion to revoke probation would countenance a procedure ripe for harassment and potential abuse.

*Afinowicz v. State*, 689 S.W.2d at 254. The first point is overruled.

### MOTION FOR NEW TRIAL

■ In the second point of error, Johnston complains of the denial of his motion for new trial. It is Johnston's position that a new trial should have been granted because the complainant [2] recanted his prior statements by testifying at the motion for new trial that the offense never occurred. Johnston asserts that this constitutes new-

ly discovered evidence that warrants a new trial. We disagree.

The denial of a motion for new trial rests within the discretion of the trial court and absent an abuse of discretion, the court's decision will not be disturbed on appeal. *Etter v. State*, 679 S.W.2d 511, 515 (Tex. Crim.App.1984); *Banda v. State*, 727 S.W.2d 679, 682 (Tex.App.—Austin 1987, no pet.); *Durham v. State*, 701 S.W.2d 951, 956 (Tex.App.—Fort Worth 1986, pet. ref'd). In order to obtain a new trial upon newly discovered or "newly acquired" evidence, a defendant must establish that:

(1) the newly-discovered evidence was unknown to him at the time of his trial;

(2) his failure to discover the evidence was not due to his want of diligence;

(3) the materiality of the evidence is such as would probably bring about a different result in another trial; and

(4) the evidence is admissible and not merely cumulative, corroborative, collateral, or impeaching.

*Eddlemon v. State*, 591 S.W.2d 847 (Tex. Crim.App.1979); *Whitmore v. State*, 570 S.W.2d 889 (Tex.Crim.App.1978). It is clear that Johnston knew of the complainant and his knowledge of the case; yet Johnston never subpoenaed him during the course of the original trial. Thus, Johnston has not established that the complainant's testimony could not have been produced earlier through diligence on his part.

A new criminal trial is not necessarily required when a complaining witness recants prior testimony. In fact, the trial court is allowed to disbelieve the later statement and accept the earlier testimony as true. *Williams v. State*, 375 S.W.2d 449, 452 (Tex.Crim.App.1964); *Banda v. State*, 727 S.W.2d at 682.

Finally, we note that Johnston stipulated to the complainant's statement at the original trial and entered a plea of nolo contendere. A plea of no contest admits every essential element of the offense and is tantamount to an admission of guilt. *Lott v. United States*, 367 U.S. 421, 428, 81 S.Ct.

---

2. The recanting complainant is the complaining witness in the original proceedings from which

Johnston received deferred adjudication.

1563, 1567, 6 L.Ed.2d 940 (1961). A motion for new trial based upon this type of newly discovered evidence is inconsistent with the plea of no contest. *Beard v. State,* 703 S.W.2d 273, 274 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd). We hold that the trial court did not abuse its discretion in denying the motion for new trial. The second point of error is overruled and the trial court's judgment is affirmed.