Affirmed and Opinion filed October 30, 1992



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

## No. 05-92-00378-CR

---

### ANTHONY D. BINGHAM, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

On Appeal from the 219th Judicial District Court
Collin County, Texas
Trial Court Cause No. 219-80869-91

---

# OPINION

Before Justices Thomas, Kaplan, and Wiggins
Opinion By Justice Kaplan

A jury convicted Anthony D. Bingham of aggravated assault of a peace officer with a deadly weapon. Punishment, enhanced by one prior conviction, was assessed at thirty-eight years' confinement. In two points of error, appellant contends that: (1) he was denied due process because the State filed a more serious charge against him after he appealed an unrelated case, and (2) the evidence is insufficient to support the conviction.

We overrule both points of error and affirm the trial court's judgment.

## FACTUAL BACKGROUND

Collin County Deputy Sheriff Allen Barnes testified that he was on routine patrol when he noticed appellant's pick-up truck parked on the side of the road. Deputy Barnes recognized appellant from past encounters and called dispatch to see if there were any outstanding warrants for his arrest. The sheriff's department confirmed that there was an outstanding arrest warrant. Deputy Barnes returned to the place where the truck was parked. Appellant had left the scene. He returned several minutes later in another car with his mother and stepfather carrying a can of gasoline.

Deputy Barnes told appellant that he had a warrant for his arrest. Appellant became belligerent, "using very loud, very profane language." Deputy Barnes testified that he knows appellant has a bad temper. Appellant yelled, "It is going to take more than one of you to take me to jail, m___ f___. Shoot me, m___ f___, shoot me, God d___ it." Appellant walked toward the back of his truck. Deputy Barnes sensed that a physical confrontation was about to ensue. He called for assistance. Deputies Terry Kimbell, Robert Burch, and Danny Wilson responded to the call. Appellant became increasingly agitated, pacing back and forth.

Deputies Barnes and Kimbell approached appellant to effectuate the arrest. Suddenly, appellant grabbed a tire iron out of the stake hole in the side of his truck. He drew it back in a threatening manner. Deputy Barnes testified that he believed either he

-2-

or Deputy Kimbell would be seriously injured or killed if appellant did not drop the tire iron. Deputy Barnes drew his service weapon. Appellant dropped the tire iron and was arrested.

Deputy Kimbell testified that he was off-duty when he noticed Deputy Barnes confront appellant on the side of the road. He stopped his car and walked toward them. Appellant was shouting obscenities. Deputy Kimbell said that appellant drew back the tire iron "in a motion to swing it in an attempt to hit myself or . . . deputy [Barnes]."

Deputy Burch testified that by the time he and Deputy Wilson arrived, appellant had drawn the tire iron. He believed that appellant was going to use the tire iron to hit one of the officers.

Maggie Weaver, appellant's mother, was at the scene of the incident. She testified that appellant had run out of gas and that she and her husband had picked him up. Weaver said that appellant stumbled and accidently knocked the tire iron off the truck. One of the deputies drew his gun when appellant reached down to pick up the tire tool. She testified that appellant never raised the tire iron above his head and never took a swing at anyone.

Wayne Weaver, appellant's step-father, testified that the tire iron fell off the truck. A scuffle ensued when he reached down to pick it up. Weaver testified that appellant never raised the tire iron above his head, never swung it at anyone, and never made any threatening motions toward any of the deputies.

Appellant was originally charged with resisting arrest with a deadly weapon. This

charge was dismissed. He was subsequently re-indicted for aggravated assault of a peace officer with a deadly weapon. The jury found appellant guilty. This appeal follows.

## RETALIATION

In his first point of error, appellant contends that he was denied due process because the State filed a more serious charge against him after he appealed an arson conviction[1]. Appellant claims that this action constitutes retaliation or prosecutorial vindictiveness.

### 1. Applicable Law

The due process clause of the United States Constitution prohibits retaliation or vindictiveness on the part of the State. *North Carolina v. Pearce*, 395 U.S. 711, 725 (1969). A defendant may not be penalized for exercising his constitutional right to appeal. *Thigpen v. Roberts*, 468 U.S. 27, 30-31 (1984); *Blackledge v. Perry*, 417 U.S. 21, 27-28 (1974); *McFadden v. State*, 544 S.W.2d 159, 162 (Tex. Crim. App. 1976); *Fisher v. State*, 511 S.W.2d 506, 509 (Tex. Crim. App. 1974).

### 2. Application of Law to the Facts

Appellant was indicted for resisting arrest in March 1991. The State subsequently filed a motion to dismiss that indictment. Assistant District Attorney David Waddill testified that the original indictment was dismissed because the State could not prove the case beyond a reasonable doubt. The State explained in its brief that it could not prove that appellant

---

[1] Appellant was convicted of arson in an unrelated case. We reversed this conviction because of the trial court's failure to submit a jury instruction on accomplice witness testimony. *Bingham v. State*, 833 S.W.2d 538 (Tex. App.--Dallas 1992, pet. filed).

resisted arrest as defined in section 38.03 of the Penal Code because there was no actual force used against an officer. The motion to dismiss stated the case would be "re-indicted as Aggravated Assault on a Peace Officer at a later date." The indictment for resisting arrest was dismissed on May 8, 1991. Appellant did not appeal the arson case until July 5, 1991. Appellant was re-indicted for aggravated assault of a peace officer with a deadly weapon on August 20, 1991.

Although appellant was re-indicted on a more serious charge after he gave notice of appeal, we cannot conclude that he was penalized for exercising his constitutional rights. One month before appellant appealed his arson conviction, the State indicated that the aggravated assault case would be filed. The record does not support appellant's claim of retaliation or prosecutorial vindictiveness.

We overrule appellant's first point of error.

## SUFFICIENCY OF THE EVIDENCE

In his second point of error, appellant contends that the evidence is insufficient to establish that the tire iron was used as a weapon or in a manner indicating an intent to cause death or serious bodily injury.

### 1. Standard of Review

Our review of the sufficiency of the evidence is limited to determining whether, viewing the evidence in the light most favorable to the prosecution, the trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v.*

*Virginia*, 433 U.S. 307, 319 (1979); *Turner v. State*, 805 S.W.2d 423, 427 (Tex Crim. App.), *cert. denied*, 112 S.Ct. 202 (1991). The jury is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex. Crim. App. 1984), *cert. denied*, 474 U.S. 865 (1985). The jury may accept or reject any portion of a witness' testimony. *Id.*

### 2. Applicable Law

Appellant was charged with aggravated assault of a peace officer with a deadly weapon. As applied to this case, the elements of the offense are: (1) that appellant intentionally or knowingly threatened Deputy Barnes with imminent bodily injury, (2) by threatening him with a deadly weapon, (3) when appellant knew or had been informed that Deputy Barnes was a peace officer, and (4) that Deputy Barnes was then acting in the lawful discharge of his official duty. TEX. PENAL CODE ANN. § 22.01(a)(2) (Vernon 1989); TEX. PENAL CODE ANN. § 22.02(a)(2)(A) (Vernon Supp. 1992).

The Penal Code defines "deadly weapon" as (1) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury, or (2) anything that in the manner of its use or intended use is capable of causing death or injury. TEX. PENAL CODE ANN. § 1.07(a)(11) (Vernon 1974). An instrument may be a deadly weapon though no wounds were inflicted. *Dominique v. State*, 598 S.W.2d 285, 286 (Tex. Crim. App. [Panel Op.] 1980); *Garza v. State*, 695 S.W.2d 726, 728 (Tex. App.--Dallas 1985), *aff'd on other grounds*, 725 S.W.2d 256 (1987). If the weapon was not

actually used to cause death or serious bodily injury, however, the State must prove two elements: (1) the weapon must be capable of causing the requisite harm, and (2) there must be evidence that the weapon was displayed or used in a manner indicating an intent to cause death or serious bodily injury. *Orosco v. State*, 590 S.W.2d 121, 124 (Tex. Crim. App. [Panel Op.] 1979); *Garza*, 695 S.W.2d at 728.

### 3. Application of Law to the Facts

Deputy Barnes testified that appellant drew the tire back in a threatening manner. He believed that if appellant did not drop the tire iron, either he or Deputy Kimbell would be seriously injured or killed. Deputy Kimbell testified that appellant drew back the tire iron "in a motion to swing it in an attempt to hit myself or the deputy." Deputy Burch believed that appellant was going to use the tire iron to hit one of the officers. Although Maggie Weaver and Wayne Weaver testified that appellant never made any threatening motions towards any of the deputies with the tire iron, the jury was free to reject their testimony. The evidence is sufficient to establish that appellant used or displayed the tire iron in a manner indicating an intent to cause death or serious bodily injury.

We overrule appellant's second point of error.  The judgment is affirmed.


JEFF KAPLAN
JUSTICE


Do Not Publish
Tex. R. App. P. 90
920378F.U05