**Samuel RUIZ, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–01–00150–CR.

Court of Appeals of Texas,
San Antonio.

Feb. 13, 2002.

Discretionary Review Refused
Sept. 11, 2002.

Jacquelyn L. Snyder, Adkins, for appellant.

Scott Roberts, Assistant Criminal District Attorney, San Antonio, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, PAUL W. GREEN, Justice.

Opinion by: PHIL HARDBERGER, Chief Justice.

Samuel Ruiz, Jr. ("Ruiz") appeals the revocation of his probation. In his sole issue on appeal, Ruiz contends that the trial court's revocation order was void because no capias was issued during the period of his community supervision.[1] We affirm the trial court's judgment.

## Procedural History

On December 12, 1997, Ruiz was convicted of burglary of a building and was sentenced to two years confinement in a state jail facility probated for two years. The term of Ruiz's community supervision was subsequently extended by twelve months to December 12, 2000. On December 7, 2000, the State filed a motion to revoke Ruiz's community supervision for failure to report for the months of October and November 2000. The trial court signed an order directing the issuance of a capias on December 8, 2000. Ruiz was subsequently arrested on January 10, 2001; however, the capias authorizing his arrest was issued on September 20, 2000. Ruiz appeared at his revocation hearing on February 7, 2001, and entered a plea of not true. The trial court found Ruiz had violated the conditions of his probation by failing to report, revoked Ruiz's probation, and sentenced him to two years in a state jail facility and a $500 fine.

It is well-established that a trial court maintains jurisdiction to revoke probation after the probationary period has expired as long as both a motion alleging a violation of probationary terms is filed and a capias or arrest warrant is issued prior to the expiration of the term. *Harris v. State*, 843 S.W.2d 34, 35 (Tex.Crim.App. 1992). Ruiz contends that because the date on the capias preceded the date on which the alleged violations occurred, no capias was issued in regard to the State's motion to revoke that was filed on December 7, 2000; therefore, the trial court was without jurisdiction to revoke his probation.[2]

Article 42.12, section 21(b) permits a judge to issue a warrant for a violation of any of the conditions of a defendant's community supervision. *See* Tex.Code Crim. Proc. Ann. art. 42.12, § 21(b) (Vernon Supp.2001). The purpose of the capias is simply to secure the presence of a defendant at a proceeding against him. *Gallegos v. State*, 971 S.W.2d 626, 628 (Tex.App.-San Antonio 1998, pet. ref'd). The court looks to the motion to revoke probation, not the capias, to determine what allegations are made as the basis of the revocation hearing. *Rodriguez v. State*, 951 S.W.2d 199, 204 (Tex. App.-Corpus Christi 1997, no pet.).

Article 42.12, section 21(b) does not require that a motion to revoke be filed prior to the capias being issued. *See Aguilar v. State*, 621 S.W.2d 781, 785 (Tex. Crim.App.1981); *Johnston v. State*, 774 S.W.2d 818, 819 (Tex.App.-Dallas 1989, no pet.). The jurisdictional requirements to

---

1. The State responded to Ruiz's brief under the mistaken assumption that Ruiz's attorney had filed an *Anders* brief in this appeal. Ruiz's brief in this appeal was not an *Anders* brief but raised a jurisdictional issue regarding the capias.

2. We will assume for purposes of this appeal that Ruiz has not waived error by failing to raise an objection before the trial court regarding the capias. *But see Prior v. State*, 795

S.W.2d 179, 184 (Tex.Crim.App.1990) (holding error in meeting one of the jurisdictional requirements waived by failing to bring to trial court's attention), *overruled on other grounds, Harris v. State*, 843 S.W.2d at 35 n. 1 (holding due diligence was not jurisdictional requirement); *see also Rodriguez v. State*, 951 S.W.2d 199, 204 (Tex.App.-Corpus Christi 1997, no pet.) (addressing waiver).

revoke probation after the probationary period has expired are met "whenever a motion to revoke is filed and a capias is issued during the probationary period, regardless of which comes first." *Johnston,* 774 S.W.2d at 820. Since a motion to revoke was filed and a capias was issued during Ruiz's probationary period, the trial court had jurisdiction to revoke Ruiz's probation. Accordingly, the trial court's judgment is affirmed.