AFFIRM; Opinion issued December 21, 2012.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-00921-CR

ANTONIO DEMOND TOWNSLEY, Appellant

V.

THE STATE OF TEXAS, Appellee

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F08-50255-M**

# MEMORANDUM OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion By Justice Fillmore

The trial court found Antonio Demond Townsley guilty of the offense of forgery, enhanced by one prior conviction and assessed punishment of seven years' imprisonment. On appeal, Townsley asserts (1) the trial court lacked jurisdiction to proceed with an adjudication of guilt after the period of community supervision had expired, and (2) trial counsel was ineffective by failing to object to the trial court's lack of jurisdiction. We affirm the trial court's judgment. We limit recitation of the background and facts of this case because these matters are well known to the parties. We issue this memorandum opinion because the law to be applied is well settled. *See* TEX. R. APP. P. 47.2(a), 47.4.

## Background

Townsley was charged with committing forgery by check, enhanced by one prior conviction. On July 2, 2008, Townsley pleaded guilty to the forgery offense and true to the enhancement paragraph. The trial court deferred an adjudication of Townsley's guilt, placed Townsley on community supervision for a period of two years, and assessed a fine of $250.

On May 7, 2009, the State filed a motion to proceed with an adjudication of guilt, alleging Townsley failed to comply with the conditions of community supervision by (1) committing a new offense on March 26, 2009; (2) being delinquent in the amount of $540 for probation fees, $50 for payments to crime stoppers, and $90 for urinalysis fees; and (3) failing to perform community service hours and complete substance abuse evaluation. On May 7, 2009, the trial court issued a capias for Townsley's arrest. On June 18, 2010, the State filed an amended motion to adjudicate guilt, alleging Townsley failed to comply with the conditions of community supervision by (1) committing a new offense on March 26, 2009; (2) failing to report to the supervision officer from May 2009 through June 2010; (3) being delinquent in the amount of $465 for payment of costs or fines, $1380 for probation fees, $50 for payments to crime stoppers, and $200 for urinalysis fees; and (4) failing to perform community service hours and complete substance abuse evaluation. The trial court did not issue a new capias following the filing of the amended motion.

On June 17, 2011, the trial court held a hearing on the amended motion to adjudicate guilt. The State withdrew the allegation that Townsley committed a new offense, and Townsley pleaded true to the remaining allegations. The trial court adjudicated Townsley guilty and assessed punishment of seven years' imprisonment.

## Trial Court's Jurisdiction

In his first issue, Townsley argues the trial court did not have jurisdiction to proceed with an

adjudication of guilt based on the amended motion after the period of community supervision had expired because no capias[1] issued before the expiration of the period of community supervision on the amended motion. Townsley specifically asserts the law requires a motion to adjudicate guilt be accompanied by a capias which relates specifically to that motion.

Generally, a trial court's jurisdiction over a defendant's criminal charge expires once the defendant successfully completes the period of deferred community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(c) (West Supp. 2012).[2] However, when a motion to adjudicate guilt is filed and a capias is issued before the expiration of the period of community supervision, the court retains jurisdiction to proceed with an adjudication of guilt after the period of community supervision has expired. *Id.* art. 42.12, § 5(h); *see also Guillot v. State*, 543 S.W.2d 650, 652–53 (Tex. Crim. App. 1976); *In re Cherry*, 258 S.W.3d 328, 332 (Tex. App.—Austin 2008, orig. proceeding).

Relying on *Jones v. State*, No. 12-01-00221-CR, 2002 WL 940192 (Tex. App.—Tyler 2002, no pet.) (per curiam) (not designated for publication), Townsley argues the trial court did not have jurisdiction to proceed with an adjudication of guilt following the expiration of the period of community supervision because, although a capias issued following the filing of the original motion to adjudicate, a second capias was not issued on the amended motion to adjudicate guilt. In *Jones*, the defendant pleaded guilty to driving with a suspended license and was sentenced to 180 days in jail, probated for one year. Within the probationary period, the State filed a motion to revoke

---

[1] "A *capias ad respondendum*, usually simply termed a 'capias,' is a 'writ commanding the sheriff to take the defendant into custody to ensure that the defendant will appear in court.'" *Ramirez v. State*, 184 S.W.3d 392, 394 n.1 (Tex. App.—Dallas 2006, no pet.) (quoting BLACK'S LAW DICTIONARY 200 (7th ed. 1999)).

[2] Before 1993, the statutory term for "community supervision" was "probation." *See Riley v. State*, 378 S.W.3d 453, 455 n.1 (Tex. Crim. App. 2012). We use the terms interchangeably in this opinion.

probation and an amended motion to revoke probation. *Id.* at *1. Although capias was issued on both motions, neither capias was executed on the defendant. *Id.* The revocation hearing was held after the probationary period had expired.

The defendant requested the trial court dismiss the motion to revoke asserting, as a defense to the revocation, that the State had not used due diligence in executing the capias. *Id.* at *1, *2. The trial court denied the defendant's motion and revoked his probation. *Id.* at *1. The only issue on appeal was whether the State had used due diligence in executing the capias. *Id.* at *2. *Jones* did not address whether it was necessary to issue a capias on an amended motion to revoke in order to vest the trial court with jurisdiction to hear the amended motion after the period of community supervision had expired.[3]

In *Johnston v. State*, 774 S.W.2d 818 (Tex. App.—Dallas 1989, no pet.), the defendant was placed on deferred adjudication probation for a period of two years. During the probationary period, the State filed a motion to adjudicate guilt and a capias was issued. *Id.* at 818–19. The defendant filed a motion to quash on the ground the State's motion did not give sufficient notice of the allegations. *Id.* at 819. The trial court granted the defendant's motion. Before the probationary period expired, the State filed another motion to adjudicate, but no capias was issued on the second motion. *Id.* The hearing on the second motion was not concluded until after the probationary period had expired. *Id.*

On appeal, the defendant asserted the trial court did not have jurisdiction to proceed with the revocation because a capias was not issued on the second motion to adjudicate guilt. *Id.* This Court

---

[3] Townsley also cites to *Brecheisen v. State*, 4 S.W.3d 761 (Tex. Crim. App. 1999), *Pollard v. State*, 172 Tex. Crim. 39, 353 S.W.2d 449 (1962), and *Garza v. State*, 695 S.W.2d 726 (Tex. App.—Dallas 1985), *aff'd*, 725 S.W.2d 256 (Tex. Crim. App. 1987) in support of his argument. However, these cases all address whether the State exercised due diligence in serving the defendant with a motion to adjudicate or whether any capias was issued and executed to bring the defendant into custody. Accordingly, they do not support Townsley's argument.

disagreed, concluding former article 42.12, section 8(a) (now article 42.12, section 21(b))[4] of the code of criminal procedure did not require that a motion be filed prior to the capias being issued. *Id.* We concluded the jurisdictional requirements are met "whenever a motion to revoke is filed and a capias is issued during the probationary period, regardless of which comes first." *Id.* at 820. Once the State filed a motion to revoke and a capias was issued, the trial court had jurisdiction to determine the merits of the motion after the probationary period expired. *Id.* There is no statutory requirement to execute a second capias on either a new motion to adjudicate or an amended motion to adjudicate. *Id.*[5]

The San Antonio Court of Appeals considered a similar issue in *Ruiz v. State*, 100 S.W.3d 259 (Tex. App.—San Antonio 2002, pet. ref'd). In *Ruiz*, the defendant was placed on community supervision for a period of two years. During the period of community supervision, a capias was issued for the defendant's arrest. *Id.* at 260. Two months later, but still within the period of community supervision, the State filed a motion to revoke community supervision based on the defendant's failure to report after the capias was issued. The hearing on the State's motion was held after the period of community supervision had expired. *Id.*

On appeal, the defendant asserted the trial court did not have jurisdiction to proceed with the revocation because the date on the capias preceded the date on which the alleged violations of community supervision occurred and no capias was issued on the State's motion to revoke. *Id.* The court of appeals noted the purpose of a capias "is simply to secure the presence of a defendant at a

---

[4] *See* Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3471, 3501; Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 4.01, 2003 Tex. Gen. Laws 3716, 3739–40 (current version at TEX. CODE CRIM. PROC. ANN. art. 42.12, §21(b) (West Supp. 2012)); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.12, §5(b).

[5] *See also Cook v. State*, No. 05-10-01072-CR, 2012 WL 1371971, at *2 (Tex. App.—Dallas Apr. 20, 2012, no pet.) (mem. op., not designated for publication); *Jones v. State*, No. 06-08-00077-CR, 2008 WL 5156446, at *1 and n.3 (Tex. App.—Texarkana Dec. 10, 2008, pet. ref'd) (mem. op., not designated for publication).

proceeding against him." *Id.* It is the motion to revoke, not the capias, that determines the allegations that are the basis of the revocation hearing, and it is not required that "a motion to revoke be filed prior to the capias being issued." *Id.* Although the capias on which the defendant was arrested was not issued on the motion to revoke, the trial court had jurisdiction to proceed with the revocation because the motion was filed and the capias was issued during the period of community supervision. *Id.* at 260–61; *see also Afinowicz v. State*, 689 S.W.2d 252, 254 (Tex. App.—Waco 1985, no pet.) ("Thus, when the State filed the original motion to revoke and issued the first capias, the court acquired limited jurisdiction to hear the motion after the probation period expired. This jurisdiction included the power to hear the amended motion because it was filed within the probation period.").[6]

In this case, the amended motion to adjudicate guilt was filed and a capias was issued during the period of community supervision. Accordingly, the trial court had jurisdiction to proceed with the revocation after the period of community supervision had expired. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(h); *Johnston*, 774 S.W.2d at 820; *Ruiz*, 100 S.W.3d at 260. We resolve Townsley's first issue against him.

## Ineffective Assistance of Counsel

In his second issue, Townsley asserts he received ineffective assistance of counsel because trial counsel failed to object to the trial court's lack of jurisdiction to hear the amended motion to adjudicate. To prevail on an ineffective assistance claim, appellant must show (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) a reasonable probability exists that, but for counsel's errors, the result would have been

---

[6] *See also Phillips v. State*, Nos. 05-06-01523-CR—05-06-01525-CR, 2007 WL 4126481, at *2 (Tex. App.—Dallas Nov. 21, 2007, no pet.) (not designated for publication).

different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 689 (1984); *Ex parte Lane*, 303 S.W.3d 702, 707 (Tex. Crim. App. 2009); *see also Riley v. State*, 378 S.W.3d 453, 456 n.5 (Tex. Crim. App. 2012). A defendant's failure to satisfy one prong negates the need to consider the other prong. *Strickland*, 466 U.S. at 697; *Ex parte Lane*, 303 S.W.3d at 707.

We have concluded the trial court had jurisdiction to hear the State's amended motion to adjudicate guilt. Therefore, we cannot conclude trial counsel's failure to raise the issue of jurisdiction fell below an objective standard of reasonableness. *See Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App.), *cert. denied*, 131 S. Ct. 3073 (2011) ("To successfully assert that trial counsel's failure to object amounted to ineffective assistance, the applicant must show that the trial judge would have committed error in overruling such an objection."). Therefore, Townsley has failed to satisfy the first prong of the *Strickland* standard. We resolve Townsley's second issue against him.

We affirm the trial court's judgment.


_____
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

110921F.U05

-7-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANTONIO DEMOND TOWNSLEY,
Appellant

No. 05-11-00921-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 194th Judicial District
Court of Dallas County, Texas. (Tr.Ct.No.
F08-50255-M).
Opinion delivered by Justice Fillmore,
Justices Moseley and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered December 21, 2012.


_____
ROBERT M. FILLMORE
JUSTICE