

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00174-CR

QUEVETTA BEAMON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 89th District Court
Wichita County, Texas
Trial Court No. 39,318-C, Honorable Mark T. Price, Presiding

February 5, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Quevetta Beamon, appeals the trial court's judgment adjudicating her guilty of forgery and sentencing her to two years' incarceration in a state-jail facility.[1] On appeal, she contends that the trial court erred by proceeding to adjudication because the State had failed to issue a capias in relation to its amended motion to proceed to adjudication within the probationary period. We will affirm.

---

[1] *See* TEX. PENAL CODE ANN. § 32.21(b) (West 2011).

Procedural History

On March 29, 2007, appellant was placed on deferred adjudication for five years following her plea of guilty to the offense of forgery. On October 14, 2009, the State filed its "Motion to Proceed with Adjudication of Guilt." Capias was issued on that same date—October 14, 2009—but not executed until April 26, 2013. On March 21, 2012, the State filed its "First Amended Motion to Proceed with Adjudication of Guilt." Hearing on the State's amended motion to proceed was held on April 3, 2014, after which the trial court adjudicated appellant guilty of forgery and sentenced her to two years' confinement in a state-jail facility.

Appellant contends on appeal that the record fails to show that capias was ever issued on appellant "with regard to the Amended Motion to Proceed with Adjudication of Guilt." We conclude that such issuance was not required and that the trial court, therefore, did not err by proceeding to adjudication in this matter.

Applicable Law and Analysis

Appellant's contention on appeal seems to center on the issuance of a second capias in association with the State's amended motion to proceed. Because a second capias did not issue within the five-year probationary period, appellant's argument goes, the trial court did not acquire jurisdiction over appellant and, thereby, erred when it proceeded to adjudicate her guilty of forgery.

The Texas Code of Criminal Procedure speaks to the trial court's jurisdiction in this context:

> A court retains jurisdiction to hold a hearing under Subsection (b) and to proceed with an adjudication of guilt, regardless of whether the period of community supervision imposed on the defendant has expired, if before the expiration the attorney representing the state files a motion to proceed with the adjudication and a capias is issued for the arrest of the defendant.

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(h) (West Supp. 2014).

The jurisdictional requirements to revoke probation after the probationary period has expired are met "whenever a motion to revoke is filed and a capias is issued during the probationary period, regardless of which comes first." *Ruiz v. State*, 100 S.W.3d 259, 260–61 (Tex. App.—San Antonio 2002, pet. ref'd) (citing *Johnston v. State*, 774 S.W.2d 818, 820 (Tex. App.—Dallas 1989, pet. ref'd)). "[T]he *filing* of the motion to adjudicate and the *issuance* of the capias are the relevant triggering events under the statute." *Ex parte Moss*, 446 S.W.3d 786, 792 (Tex. Crim. App. 2014). Here, because a motion to proceed to adjudication was filed and a capias was issued in October 2009, both during appellant's probationary period, the trial court had jurisdiction to proceed to adjudication of guilt.

Appellant's apparent contention that a second capias was required when the State filed its amended motion finds no support in the law. *See Afinowicz v. State*, 689 S.W.2d 252, 254 (Tex. App.—Waco 1985, no pet.) (concluding that the trial "court already had jurisdiction over the case so a second capias was not required for the court to have jurisdiction"). Nowhere in Article 42.12 or in relevant case law do we find where a second capias must issue in order to vest jurisdiction in the trial court to proceed to adjudication. The Dallas court rejected a similar contention, citing to a former section of Article 42.12:

[O]nce the State filed a motion and a capias was issued, the trial court had jurisdiction to determine the merits of the motion. Whether the motion to adjudicate guilt was an amended motion or a new proceeding, the State was not required to have a new capias issued. [The Texas Code of Criminal Procedure] gives the State the right to file new or amended motions to revoke probation. There is however, no requirement to execute a second capias.

*Johnston*, 774 S.W.2d at 820. Similarly, we reject appellant's contention.

Accordingly, we overrule appellant's sole point of error.

Conclusion

Having overruled appellant's sole point of error, we affirm the trial court's judgment adjudicating appellant guilty of forgery. *See* TEX. R. APP. P. 43.2(a).

Mackey K. Hancock
Justice

Do not publish.