

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00141-CR

LISA ANN BARRETTA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 21690

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Lisa Ann Barretta committed forgery and was placed on community supervision. *See* TEX. PENAL CODE ANN. § 32.21 (Supp.). The trial court later revoked Barretta's community supervision because she violated its terms and conditions. On appeal, Barretta argues that the trial court was without jurisdiction to revoke her community supervision. Because we find that jurisdiction was properly exercised, we overrule Barretta's sole point of error.

On April 21, 2009, Barretta was placed on community supervision for a period of five years. In October 2009, the State filed a motion to revoke her community supervision, and the trial court issued a capias for her arrest. In 2014, a few days before the expiration of her community supervision period, the State filed an amended revocation motion that added additional violations of the terms and conditions of Barretta's community supervision. Because the 2009 capias remained outstanding, the trial court did not issue another capias. The capias issued in 2009 was not served until 2019, well after the expiration of the five-year community supervision period. After Barretta pled true to the State's revocation allegations, the trial court revoked her community supervision and sentenced her to twenty months' confinement in state jail.

> (*l*)    A court retains jurisdiction to . . . revoke, continue, or modify community supervision, regardless of whether the period of community supervision imposed on the defendant has expired, if before the expiration of the supervision period:
>
> (1)    the attorney representing the state files a motion to revoke, continue, or modify community supervision; and
>
> (2)    a capias is issued for the arrest of the defendant.

2

TEX. CODE CRIM. PROC. ANN. art. 42A.751(*l*) (Supp.). Barretta acknowledges that the amended revocation motion was filed before the expiration of the community supervision period. However, because the 2009 capias was not included in the first clerk's record filed in this Court, Barretta argued that the appellate record did not establish that a capias was issued within the community supervision period.

The supplemental record shows that a capias was issued on the State's original revocation motion. Barretta has not discussed the impact of the 2009 capias. To the extent her brief can be construed as suggesting that an additional capias was required after the State filed its amended revocation motion in 2014, we disagree. A capias may issue on any violation of the terms and conditions of community supervision and may precede the filing of a revocation motion. *Ruiz v. State*, 100 S.W.3d 259, 260 (Tex. App.—San Antonio 2002, pet. ref'd). Nothing requires the issuance of a new capias after an amended revocation motion. *See id.*; *Johnston v. State*, 774 S.W.2d 818, 819 (Tex. App.—Dallas 1989, no pet.) ("[T]he jurisdictional requirements are met whenever a motion to revoke is filed and a capias is issued during the probationary period, regardless of which comes first."); *Afinowicz v. State*, 689 S.W.2d 252, 254 (Tex. App.—Waco 1985, no pet.) (finding that the clerk was not required to issue a second capias after "the State filed the original motion to revoke and issued the first capias" since the trial court's "jurisdiction included the power to hear the amended motion because it was filed within the probation period"); *see also* TEX. CODE CRIM. PROC. ANN. art. 42A.751(*l*). Because both the 2009 capias for Barretta's arrest and the 2014 amended revocation motion were issued and filed before the expiration of the

community supervision period, the trial court had jurisdiction to revoke Barretta's community supervision. Accordingly, we overrule Barretta's sole point of error.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:     November 25, 2019
Date Decided:       November 27, 2019

Do Not Publish