

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00233-CR

---

ROBERT ARGARTHER HOARD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 100th District Court
Carson County, Texas
Trial Court No. 6387, Honorable Dale A. Rabe, Jr., Presiding

---

April 11, 2025

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Robert Argarther Hoard,[1] appeals from the trial court's judgment adjudicating him guilty of possession of a controlled substance[2] and sentencing him to

---

[1] Appellant represents that his correct name is Robert Argarther Hoard, IV, but acknowledges that he is the same Robert Argarther Hoard placed on community supervision in Carson County.

[2] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.116.

fifty years of imprisonment.  By his appeal, Appellant raises three issues.  We affirm the trial court's judgment.

## BACKGROUND

In 2018, Appellant pleaded guilty to the first-degree felony offense of possession of a controlled substance.  Pursuant to a plea bargain, the trial court deferred adjudication of Appellant's guilt and placed him on ten years' community supervision.  The trial court ordered several conditions of community supervision and informed Appellant in writing that failure to comply with them could result in revocation of his community supervision.

On November 2, 2021, the State moved to revoke Appellant's community supervision and adjudicate him guilty of the original offense for committing multiple violations of the conditions of his community supervision, including committing various new offenses in Cobb County, Georgia.  The motion was served on April 5, 2024.  The trial court held an adjudication-revocation hearing on July 1, 2024.  Appellant entered a plea of not true.  Appellant was permitted to represent himself during the proceedings.  His court-appointed attorney was made standby counsel.[3]

At the hearing on the motion to adjudicate Appellant's guilt, the State offered evidence of Appellant's Carson County Community Supervision officer that she supervised his case in Texas.  Shortly after his plea, Appellant moved to Georgia, where he was supervised by the Georgia Department of Community Supervision.  The officer testified that Georgia officials notified the Carson County Community Supervision Office

---

[3] During the hearing, the court granted Appellant's request to reinstate his court-appointed counsel to finish the hearing.

2

that, on August 9, 2019, Appellant had committed new offenses in Cobb County, Georgia, of inciting to riot, obstruction of a law enforcement officer, and possession of a firearm by a convicted felon. The State introduced certified copies of the indictments and judgments of the new offenses without objection by Appellant. The officer also testified that Appellant reported in writing to the Carson County Community Supervision Office for a few months as was required by the condition of his supervision, but he failed to report for February, August, September, and November of 2018, and January, February, and June of 2019. In response to testimony about his failure to report, Appellant testified that, in 2018, his attorney told him that "all I would have to do is go back home to Georgia and do what I was told to do by my probation officers in Georgia." He claimed that he reported to his supervision officer in Georgia on each date alleged by the State and "never missed a report." He also testified that, even though he was convicted of the new offenses, he did not commit the offenses and took an *Alford* plea.[4]

After presentation of witnesses and evidence, the trial court found the allegations true that Appellant committed the new offenses of inciting to riot, obstruction of a law enforcement officer, and felon in possession of a firearm on August 9, 2019, in Cobb County, Georgia; failing to report in writing for February, August, September, and November of 2018, and January, February, and June 2019; and possessing a firearm.

---

[4] *See North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). A guilty plea under *Alford* is a plea of guilty without an admission of guilt, and strong evidence of the defendant's guilt is constitutionally required before a court may accept a defendant's *Alford* guilty plea because there is no admission of guilt. *Sewell v. State*, Nos. 14-15-00216-CR, 14-15-00217-CR, 14-15-00218-CR, 14-15-00219-CR, 2016 Tex. App. LEXIS 1945, at *6 (Tex. App.—Houston [14th Dist.] Feb. 25, 2016, no pet.) (mem. op., not designated for publication). An *Alford* guilty plea "is no more than a nolo contendere [plea]." *Id.* A plea of nolo contendere (no contest) has the same legal effect as that of a plea of guilty, except that such plea may not be used against the defendant as an admission in any civil suit based on or growing out of the act on which the criminal prosecution is based. Tex. Code Crim. Proc. Ann. art. 27.02(5).

The trial court adjudicated Appellant guilty of possession of a controlled substance, revoked his community supervision, and sentenced him to fifty years' imprisonment. In three issues, Appellant challenges the trial court's jurisdiction, contends the trial court abused its discretion in revoking his community supervision, and alleges his counsel provided ineffective assistance.

## ISSUE ONE: JURISDICTION

In his first issue, Appellant asserts that the trial court lacked jurisdiction because the capias served on Appellant contained an error in describing the felony offense that was the subject of the State's motion to adjudicate. According to Appellant, the offense listed on the capias was never indicted so the capias was not properly issued, and Appellant was not required to answer the violations stemming from his community supervision.

A community supervision revocation proceeding is an administrative hearing rather than a civil or criminal trial. *See Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). It is considered an extension of the original sentencing portion of the defendant's trial and is therefore subject to the continuing jurisdiction of the trial court. *Id.* at 874. A trial court retains jurisdiction to hold a revocation hearing and proceed with an adjudication of guilt, if before the expiration of the supervision period: (1) the State files a motion to proceed with adjudication; and (2) a capias is issued for the arrest of the defendant. TEX. CODE CRIM. PROC. ANN. art. 42A.108(c); *Ex parte Moss*, 446 S.W.3d 786, 792 (Tex. Crim. App. 2014). A court's jurisdiction to revoke community supervision exists by virtue of the original indictment on which the trial court assessed the terms of

4

community supervision. *See La Belle v. State*, 692 S.W.2d 102, 105 (Tex. Crim. App. 1985). It is the motion to revoke supervision, not the capias or arrest warrant, that determines what violations are subject to the revocation hearing. *Jones v. State*, 691 S.W.3d 671, 676 (Tex. App.—Houston [14th Dist.] 2024, pet. ref'd). "The purpose of a capias is simply to secure the presence of a defendant at a proceeding against him." *Ruiz v. State*, 100 S.W.3d 259, 260 (Tex. App.—San Antonio 2002, pet. ref'd). "So long as the motion [to revoke] provides adequate notice of the charges alleged, fundamental notions of fairness are satisfied, despite flaws in the motion." *Spruill v. State*, 382 S.W.3d 518, 522 (Tex. App.—Austin 2012, no pet.).

The record reflects that Appellant's ten-year term of community supervision began on January 29, 2018, and it was scheduled to terminate on January 29, 2028. The State filed its motion to adjudicate, and the issuance of a capias occurred during the community supervision period. Although the capias listed Appellant's original offense as a second-degree felony, rather than a first-degree felony, it correctly listed Appellant's name, the date of the offense, the cause number, and the name of the court retaining jurisdiction over Appellant. Appellant was served with the motion to adjudicate and revoke which correctly identified Appellant's original offense as a first-degree felony of possession of a controlled substance and set out the allegations of Appellant's violations of the conditions of his community supervision. As such, Appellant had adequate notice of the allegations made the basis of the revocation hearing regardless of the incorrect identification in the capias. *Ruiz*, 100 S.W.3d at 260 (motion to revoke identifies allegations upon which revocation hearing based; purpose of capias is to secure presence of defendant at proceeding against him). Because the State filed its motion to adjudicate and a capias

was issued within the period of deferred adjudication, the trial court retained jurisdiction to conduct a hearing on the motion to adjudicate. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.108(c). We overrule issue one.

## ISSUE TWO: REVOCATION OF APPELLANT'S COMMUNITY SUPERVISION

By his second issue, Appellant contends that the trial court abused its discretion by revoking his community supervision because the State failed to meet its burden to establish that Appellant violated the conditions of his community supervision.

Appellate review of an order revoking community supervision is under an abuse of discretion standard. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). "In a revocation proceeding, the trial court has discretion to revoke community supervision when a preponderance of the evidence supports one of the State's allegations that the defendant violated a condition of his community supervision." *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012) (op. on reh'g). In conducting this review, we must view the evidence in the light most favorable to the verdict. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). The trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Hacker,* 389 S.W.3d at 865. "The central issue to be determined in reviewing a trial court's exercise of discretion in a probation revocation case is whether the probationer was afforded due process of law." *DeGay v. State*, 741 S.W.2d 445, 450 (Tex. Crim. App. 1987) (en banc).

In the present case, the trial court heard testimony that Appellant's Carson County supervision officer went over the conditions of supervision with Appellant at the time he was placed on supervision, and his signature reflected that he understood those

6

conditions. One of the conditions of Appellant's community supervision was that he "shall continue to report monthly in writing to the 100[th] Judicial District CSCD" after being transferred to another jurisdiction. His Carson County supervision officer testified that Appellant reported to Carson County for a few months, but that he specifically failed to report on seven occasions during 2018 and 2019 as alleged in the motion to adjudicate. In revoking Appellant's community supervision, the trial court implicitly rejected Appellant's testimony that he "didn't have to report" in Texas because he was reporting in Georgia and he "never missed a report." Appellant's actions established that he knew to report in Texas because he did so for several months. Because sufficient evidence of a single violation supports the revocation of community supervision, we need not address the remaining violations. *See Busby v. State*, No. 07-20-00001-CR, 2021 Tex. App. LEXIS 1891, at *5 (Tex. App.—Amarillo March 11, 2021, pet. ref'd) (mem. op., not designated for publication) ("Proof of any one violation of the terms and conditions of community supervision is sufficient to support a revocation."). The trial court properly exercised its discretion in revoking Appellant's community supervision. We overrule Appellant's second issue.

### ISSUE THREE: COMPLAINT OF INEFFECTIVE ASSISTANCE OF COUNSEL

By his third issue, Appellant contends that he received ineffective assistance of counsel. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel. U.S. CONST. amend. VI.; *Ex parte Scott*, 541 S.W.3d 104, 114 (Tex. Crim. App. 2017). To establish a claim based on ineffective assistance, an appellant must show that (1) his counsel's representation fell below the objective standard of reasonableness and (2) there is a reasonable probability that but for counsel's deficiency the result of the

proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Nava v. State*, 415 S.W.3d 289, 307−08 (Tex. Crim. App. 2013). In other words, an appellant must show his trial counsel's performance was deficient and that he was prejudiced by the deficiency. *State v. Gutierrez*, 541 S.W.3d 91, 98 (Tex. Crim. App. 2017). A failure to make a showing under either *Strickland* prong defeats a claim for ineffective assistance. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003) (en banc). Both prongs need not be examined on review if one cannot be met. *Turner v. State*, 528 S.W.3d 569, 577 (Tex. App.—Texarkana 2016, no pet.) (citing *Strickland*, 466 U.S. at 697).

A claim of ineffective assistance of counsel must be firmly demonstrated in the record. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (citing *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)). "It is not sufficient that appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence." *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007). We must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Frangias v. State*, 450 S.W.3d 125, 136 (Tex. Crim. App. 2013).

In most cases, a direct appeal is an inadequate vehicle for raising a claim of ineffective assistance because the record is generally undeveloped and cannot adequately reflect counsel's trial strategy. *Rylander*, 101 S.W.3d at 110−11. When counsel is not afforded an opportunity to explain his strategy before being denounced as ineffective, an appellate court should not find deficient performance unless counsel's conduct was "so outrageous that no competent attorney would have engaged in it."

*Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Therefore, when the record is silent on counsel's trial strategy, we will assume that counsel had a strategy if any reasonable sound strategic motivation can be imagined. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

Here, Appellant claims that his trial counsel was ineffective because he did not challenge the defective capias, he failed to call Appellant's 2018 trial counsel as a witness, and he failed to obtain evidence from Cobb County, Georgia, to corroborate his claim of fabricated evidence. Missing from Appellant's complaints is any discussion of how any of the purported errors would have resulted in a different outcome or sentence. *See Castaneda v. State*, No. 07-22-00372-CR, 2024 Tex. App. LEXIS 109, at *3 (Tex. App.—Amarillo Jan. 5, 2024, no pet.) (mem. op., not designated for publication). "The lack of such substantive explanation itself warrants our rejection of the complaint." *Id.*

The Court of Criminal Appeals has repeatedly observed that a record on direct appeal is generally insufficient to show that counsel's representation was so deficient as to meet the *Strickland* test. *See Hart v. State*, 667 S.W.3d 774, 782 (Tex. Crim. App. 2023); *Lopez*, 343 S.W.3d at 143; *Rylander*, 101 S.W.3d at 110; *Bone v. State*, 77 S.W.3d 828, 833 & n.13 (Tex. Crim. App. 2002). The present record does not provide Appellant's counsel the opportunity to "defend, explain, or otherwise justify his conduct." *Garza v. State*, No. 07-13-00137-CR, 2014 Tex. App. LEXIS 415, at *5 (Tex. App.—Amarillo Jan. 14, 2014, no pet.) (mem. op., not designated for publication).

When, as here, the record regarding counsel's strategy has been insufficiently developed, we conclude Appellant has failed to overcome the presumption that counsel's

decisions were the product of sound trial strategy. *See Freeman v. State*, 125 S.W.3d 505, 506–07 (Tex. Crim. App. 2003). The record before us does not affirmatively show, by a preponderance of evidence, that counsel's performance was sufficiently deficient or that any alleged deficiencies resulted in the requisite level of prejudice to Appellant's case such that we can conclude the trial below did not produce a just result.[5] As such, we overrule Appellant's third issue.

CONCLUSION

Having overruled all of Appellant's issues, we affirm the judgment of the trial court.


Judy C. Parker
Justice


Do not publish.

---

[5] In this case, the record on direct appeal is not sufficiently developed and "cannot adequately reflect the failings of trial counsel" for an appellate court "to fairly evaluate the merits of such a serious allegation." *Lopez*, 343 S.W.3d at 143. Under such circumstances, claims of ineffective assistance of counsel rejected due to lack of adequate information may be considered on an application for a writ of habeas corpus. *Id.*; *see* TEX. CODE CRIM. PROC. ANN. art. 11.07.